CHEHARDY, Judge.
Plaintiff, Edward K. Sanders, has appealed a summary judgment dismissing his suit against his former employer, Hercules Sheet Metal, Inc. (Hercules), and its liability and workmen’s compensation insurers.
Plaintiff’s petition alleges alternative causes of action in tort and workmen’s compensation. His claim under C.C. art. 2315 is based on the alleged negligence of the defendant’s agents in permitting him to leave the employer’s Christmas party in a highly intoxicated condition and operate a motor vehicle, which omission caused plaintiff to collide with a stopped trailer-truck as he was driving home. For the purpose of the tort claim, plaintiff alleged he was not within the course and scope of his employment when the accident occurred. Alternatively, should the court find no actionable negligence, plaintiff claimed he was entitled to workmen’s compensation benefits for total and permanent disability under R.S. 23:1221 because he was within the course and scope of his employment when the accident occurred.
Defendant moved for summary judgment based on depositions of plaintiff and his wife which counsel asserts disprove the premise upon which liability hinges, namely, that plaintiff left the Hercules party intoxicated. At this point we note the briefs allude to evidence not in the record, including the wife’s deposition and an in-toximeter test conducted by New Orleans police officers after the accident which established Sanders was highly intoxicated a short time thereafter. If appellant would have us consider these supports to buttress his position, he should have filed them in the trial court in opposition to defendant’s motion. C.C.P. art. 967 provides in part:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
Accordingly we cannot take cognizance of the police report or the wife’s deposition that allegedly establishes intoxication on the part of plaintiff when he left Hercules’ party.
We nonetheless are unable to conclude there is no genuine issue of material fact yet to be resolved and summarize the testimony in plaintiff’s deposition to illustrate the point. He stated: On December 23, 1973, Hercules ended its business day at noon and thereafter gave a Christmas party on the employer’s premises; as shop foreman, plaintiff worked until 1 p. m., because a truck, scheduled to arrive earlier in the day, had been delayed; he and his wife attended the party from 1 p. m. to 3:30 p. m.; although he customarily drank beer, that day he had four to six mixed drinks (V.O. and 7 Up); he “felt good” when he left the party and had no difficulty in driv *DLXVIII ing, standing or walking at that time; his wife had several drinks at the party; after leaving Hercules the Sanders stopped at Jack’s Stroll Inn, a private club near his job where he habitually stopped after work for “four or five beers”; he and his wife had an argument at the private club because she felt he “had had enough to drink” although she did not tell her husband she thought he was drunk; his wife left Jack’s and took the bus home; he saw several friends and became engaged in conversation with another patron, whose name he could not remember at the deposition, but who accompanied him to New Orleans East to buy fireworks; he drove the car to and from the place where the pyrotechnics were purchased; he consumed between one-half and one beer during all the time he was at Jack’s; and he was driving home at 5:30 p. m. on Tchoupitoulas Street when he noticed a large truck-trailer stopped across the road; he lost control of his car and hit the truck.
Defendant contends plaintiff’s deposition demonstrates the lack of issue of material fact, particularly when he agreed he left the party sober and could walk, drive and stand without problem. We disagree. What creates doubt is the fact that he consumed four to six mixed drinks in a short interval when he was accustomed to drinking beer, a beverage with less alcoholic content. Further, an intoxicated party as a general rule is not competent to pass on his own state of sobriety.
The law on summary judgment applicable in this case is succinctly stated in Latter & Blum, Inc. v. Von Ruekfrang, 249 So.2d 229 (La.App. 4th Cir. 1971), viz:
“The general rule is that the motion for summary judgment is not a substitute for trial and may not be resorted to when there is a genuine issue of material fact which must be resolved in order to entitle the mover to a judgment as a matter of law. * * *
******
“The law is clear that upon trial of a motion for summary judgment, the burden of proof rests upon mover to convincingly show absence of a genuine issue of material fact, and that mover is entitled to judgment as a matter of law. * * * Until mover discharges this initial burden of proof, the obligation of countering by the other party does not arise. * * * This burden is such that all reasonable doubt should be resolved against the mover * * * If any doubt exists, a trial on the merits should be had to resolve those doubts. * * *”
Because doubt remains as to plaintiff’s degree of intoxication when he left the Hercules party, we reverse that part of the summary judgment dismissing his tort claim. In reaching this result we do not hold the employer Hercules breached a duty of care to plaintiff for which it is liable. Rather we are unable to reach a conclusion on liability at this point because facts have yet to be pleaded and/or proved upon which a determination of liability must be made ultimately.
 But with respect to the compensation claim, the facts demonstrate beyond a doubt plaintiff was not within the course and scope of his employment when the accident occurred. If a workman is injured away from his employer’s premises in a highway accident, his employer is liable for compensation benefits only if it is determined the employer derived some benefit or had some interest in the transportation. See discussion in Trahan v. Girard Plumbing & Sprinkler Co., 299 So.2d 835 (La.App. 4th Cir. 1974). Once plaintiff stopped at Jack’s Stroll Inn on his way home and began engaging in private recreation, the employer’s interest terminated.
Because C.C.P. art. 966 permits summary judgment for all or part of the relief for which respondent has prayed, we affirm that part of the judgment dismissing the alternative demand for workmen’s compensation.
For the reasons assigned, the judgment of the trial court is affirmed insofar as it dismisses plaintiff’s suit for workmen’s compensation; reversed insofar as it dismisses plaintiff’s tort claim; and remanded *DLXIX for further proceedings consistent with our views in this opinion. Costs should be assessed after this case is resolved by final judgment.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.