385 So.2d 772 (1980)
Edward K. SANDERS
v.
HERCULES SHEET METAL, INC., ABC Insurance Company and DEF Insurance Company.
No. 66596.
Supreme Court of Louisiana.
June 23, 1980.
*773 Dan C. Garner, Kenneth B. Krobert, New Orleans, David R. Heno, Garner & Munoz, for plaintiff-respondent.
Michael E. Wanek, Hulse, Nelson & Wanek, New Orleans, for defendants-applicants.
DIXON, Chief Justice.
Edward K. Sanders was injured when he was unable to stop his car in time to avoid colliding with a truck. On the afternoon of the accident Sanders and his wife had attended a Christmas party given by his employer. Sanders sued his employer on the basis of alternative theories of liability. First, he alleged that the accident occurred because he was intoxicated, and that his employer was responsible in tort because it had encouraged its guests to drink at the party and thenknowing that Sanders had consumed a good deal of alcoholhad permitted him to leave the party and drive home alone. In the alternative, he contended that the accident took place while he was acting in the course and scope of his employment, and that he was therefore entitled to workmen's compensation benefits.[1]
*774 In his deposition, taken by counsel for the defendant, Sanders stated that in the course of about two and one-half hours at the party he had four to six mixed drinks, whiskey and 7-Up, although he normally drank beer. From the party plaintiff and his wife drove to a tavern which he regularly frequented after work. After ordering a beer but drinking only part of it, Sanders drove to New Orleans East to buy fireworks, accompanied by a man he had met at the tavern. His wife returned directly home from the tavern by bus, after a discussion in which she attempted to convince him to drive home instead of embarking on the search for fireworks. Sanders stopped at the tavern again for a very brief period after his errand was completed, leaving untouched the beer that was served to him, and he was on his way home from the tavern when the accident took place. Two hours had elapsed since he left the office party. According to Sanders, he was not intoxicated at any point during the afternoon. His wife stated on deposition, on the other hand, that Sanders was intoxicated when they left the office party, although she also stated that she herself was in no condition at that point to evaluate his condition.
Defendant employer filed a motion for summary judgment, accompanying the motion with copies of the depositions. With regard to the workmen's compensation claim, defendant argued, it was clear that plaintiff was not acting within the course and scope of his employment at the time of the accident. With regard to the tort claim, it was also clearaccording to plaintiff's own version of the afternoon's eventsthat Sanders was not intoxicated when he left the party, that he would not have appeared intoxicated to others at that time, that he left the party in the company of his wife (not alone, as claimed in his petition), and that he was not intoxicated at the time of the accident. In his memorandum in opposition to the motion for summary judgment, plaintiff cited certain statements in his wife's deposition, in addition to the results of a police department blood test for alcohol level made shortly after the accident and the DWI charges filed against him as a result of the accident, as proof that he was indeed intoxicated when he left the party and at the time of the accident. Mrs. Sanders' deposition had already been submitted by the defense in support of its summary judgment motion; plaintiff did not introduce any proof of the blood test results or of the charges filed against him.
The trial court granted defendant's motion for summary judgment and dismissed plaintiff's suit. The Court of Appeal affirmed the dismissal of the workmen's compensation claim but it reversed the dismissal of the tort claim. 377 So.2d 486 (La.App. 1979).
Despite the evidence presented by defendant in support of its motion for summary judgment, the court found that whether plaintiff was intoxicated when he left the party and at the time of the accident continued to present a genuine issue of material fact. The evidence contained in plaintiff's deposition was not conclusive on this issue; plaintiff might have been too intoxicated at the relevant times to be able to evaluate his own condition, even in retrospect, and he had ingested a large amount of alcohol, in greater concentration than the beer he customarily drank, within a relatively short period.[2] In response to defendant's application, we granted writs to review this portion of the ruling.
An initial question is whether defendant is entitled to summary judgment on the sole basis that plaintiff failed to respond to defendant's motion by providing some evidence of the existence of a genuine issue. C.C.P. 967 provides in pertinent part:

*775 "When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
The 1966 Comment to C.C.P. 966 states that article 966 and article 967 were amended to accord with 1963 amendments to Rule 56 of the Federal Rules of Civil Procedure. The Notes of Advisory Committee on 1963 Amendment, Subdivision (e), the source provision of C.C.P. 967, observe, with respect to this question, that where "the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." U.S.C. § 28, Federal Rules of Civil Procedure Rule 56. It is for this reason that article 967 provides that in the absence of a sufficient response, summary judgment shall be rendered "if appropriate." On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.
In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978). Plaintiff's statement that he was not intoxicated when he left the party or at the time of the accident was controverted by his wife's declaration that he was intoxicated upon leaving the party. His wife also stated that he had very little tolerance for hard liquor, and plaintiff himself admitted that he had four to six drinks at the party within less than two hours. Despite defendant's submission of the depositions of plaintiff and his wife in support of its motion for summary judgment, the issue of plaintiff's intoxication remained unresolved. Plaintiff was therefore not required, at this juncture, to present any evidence of the existence of a disputed fact.
Even though the issue of plaintiff's intoxication remained unresolved, it must be noted that this issue was only material to the question of defendant's negligence; if there was no question about defendant's negligence, this issue had no relevance. A motion for summary judgment must be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). Assuming, then, that all doubts concerning the issue of intoxication were resolved in favor of the plaintiff, that is, assuming proof that plaintiff was intoxicated when he left the party and at the time of the accident and that his employer's agents were aware of his intoxication, the crucial question is whether reasonable minds might conclude that defendant breached a duty in permitting plaintiff to leave the party. In Thrasher v. Leggett, 373 So.2d 494 (La. 1979), we examined the duty owed by a bar owner to an intoxicated patron. Even if we accept plaintiff's allegation that his employer provided its employees with the Christmas party solely for the benefit of the employer's business, defendant would have no higher standard of duty than a bar owner. We found that duty, under C.C. 2315 and 2316, is to avoid affirmative acts which increase the risk of peril to an intoxicated person. The bar owner is not however responsible for harm caused by the patron's inebriated condition itself. We also found that the proximate cause of harm is more nearly the act of voluntarily drinking to the point of intoxication, a form of contributory negligence, not the act of making the alcohol available for consumption. Viewing the *776 situation before us here most favorably to plaintiff, defendant committed no affirmative act which increased plaintiff's peril. Evicting plaintiff from the party, onto a busy street, might have been such an affirmative act, but permitting him to leave the party was not. Rather, plaintiff caused the danger to himself, first by drinking to the point of intoxication, then by choosing to drive home aloneafter first driving a considerable distance in search of fireworksinstead of returning directly home in the company of his wife.
Because reasonable minds must inevitably conclude that plaintiff's employer was not negligent, even if the accident were caused by plaintiff's intoxication, defendant was entitled to summary judgment on the issue of its tort liability.
For the reasons assigned, that part of the Court of Appeal judgment reinstating plaintiff's tort claim is reversed and the tort claim is dismissed. The judgment of the district court is reinstated, at plaintiff's cost.
WATSON and LEMMON, JJ., concur in the result.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
The majority opinion unnecessarily interprets Thrasher v. Leggett, 373 So.2d 494 (La.1979), as severely restricting Pence v. Ketchum, 326 So.2d 494 (La.1976). As I read the opinion here, the court has concluded that the duty of an employer hosting a Christmas Party toward his employee-guests consists in merely refraining from doing affirmative acts which imperil them in their intoxicated conditions. This notion is not compelled by Pence or Thrasher.
The proper interpretation of both Pence and Thrasher as to the duty of a bar owner toward patrons, or a host of a party toward guests, is couched in terms of duty/risk. The server of drinks owes a duty not to serve drinks to an intoxicated person; this duty extends to some, but not all, risks. In Thrasher, the duty did not extend to those risks of injury created almost wholly by the victim's own aggressive, violent behavior. On the other hand, in Pence the bar owner's duty extended to any risks caused by the bar owner's ejection of an intoxicated person onto a busy street. See A. Johnson, Symposium: Comparative Negligence in Louisiana, Comparative Negligence and the Duty/Risk Analysis, 40 La.L.Rev. 319, 328 n. 36 (1980).
Therefore, it is improper to limit the party host's, or bar owner's, duty toward intoxicated persons to a mere avoidance of affirmative acts which place the victim in peril. The duty may also extend to the failure to act, where such failure brings on a risk encompassed within the duty of a host not to serve drinks to an intoxicated person. Here, for purposes of deciding the summary judgment motion, the failure of the employer to intervene and prevent the plaintiff from driving away from the party, when the employer knew the plaintiff was intoxicated and incapable of driving, amounted to a breach of his duty toward the plaintiff. The specific risk encompassed by the employer's duty was that the plaintiff would injure himself by careless operation of an automobile due to his intoxication.
NOTES
[1] Under R.S. 23:1081, workmen's compensation is not allowed for an injury caused by the injured employee's intoxication. The employer bears the burden of proving intoxication and causation.
[2] The Court of Appeal reached this conclusion without considering plaintiff's wife's deposition, under the misapprehension that her deposition did not form part of the record before the trial court when it considered the motion for summary judgment.