404 So.2d 301 (1981)
Glenn VASCOCU, Plaintiff-Appellant,
v.
Gerald SINGLETARY, et al., Defendants-Appellees.
No. 8324.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1981.
Thomas & Dunahoe, Edwin Dunahoe, Natchitoches, for plaintiff-appellant.
Mayer, Smith & Roberts, Mark A. Goodwin, Shreveport, for defendants-appellees.
Gerald Singletary, in pro. per., Don W. Martin, Leesville, for defendant-appellee.
Before FORET, SWIFT and DOUCET, JJ.
FORET, Judge.
Glenn Vascocu (appellant) appeals from a trial court's judgment which granted a motion for summary judgment filed by Western World Insurance Company, Inc. (Western).
*302 The sole question presented is whether there is no genuine issue as to material fact, hence entitling Western to judgment as a matter of law.

FACTS
Appellant seeks to recover damages for personal injuries he received when struck by shotgun pellets in his left leg and foot. The shooting occurred during a barroom brawl on October 26, 1979, at a lounge known as the "Cajun Club", which is located in Natchitoches Parish, Louisiana.
Gerald Singletary and Roger Mayo[1] were partners in the operation of the lounge. Appellant named them as defendants and alleged that Singletary was the one who shot him. In addition, appellant named the insurer of the premises, Western, as a defendant.
Western filed its motion for summary judgment alleging that its policy contained a clause which excluded coverage for injuries resulting from an assault or battery. Western further alleged that appellant's injuries resulted from a battery and therefore it was in no way liable to him. The trial court rendered judgment in favor of Western granting its motion. Plaintiff appeals from this judgment.
In support of its motion for summary judgment, Western introduced in evidence the deposition of Gerald Singletary, with attachments[2], and a certified copy of the policy issued by it.
The policy issued by Western contains the following exclusionary clause:
"In consideration of the reduced rate of premium charged, it is understood and agreed that this policy excludes claims arising out of assault and battery, whether caused by or at the instigation of, or at the direction of, or omission by, the insured, his employees, patrons or any cause whatsoever."
Western contends that the testimony given by Gerald Singletary in his deposition clearly shows that appellant's injuries resulted from a battery, and therefore, the exclusionary clause of its policy is applicable and that it is entitled to summary judgment as a matter of law.
The interest in freedom from intentional and unpermitted contacts with the plaintiff's person is protected by an action for the tort commonly called battery. The protection extends to any part of the body, or to anything which is attached to it and practically identified with it. Prosser: Law of Torts (4th Ed.), pg. 34.
Appellant alleged in his petition that, as he was standing and watching the fight, Gerald Singletary struck him on the back of his head. Appellant further alleged that, thereafter, as he was attempting to leave the premises, Gerald Singletary fired a shotgun and the pellets struck him on the left leg and foot.
There is no dispute with regard to the fact that appellant in no way consented to these contacts with his person. Rather, appellant argues that there is a genuine issue as to the material fact of whether Gerald Singletary intended to make the unpermitted contact and, therefore, committed a battery.
Gerald Singletary testified unequivocally that he did intend to strike appellant on the head with a club he had secured after the fighting broke out. The parties seemed to be in agreement that this constituted a battery. However, appellant contends that there is a genuine dispute as to whether Singletary intended to shoot him. Apparently, it is appellant's position that Singletary accidentally shot him, or, at least, a dispute exists with respect to the issue of whether he did so. Thus, appellant contends *303 that the trial court erred in granting appellee's motion for summary judgment.
Singletary testified that, while he intentionally fired the shotgun, he had no intention of shooting anyone. He stated that he fired the shotgun at the wooden floor of the lounge in an attempt to scare those who were fighting. He also stated that he was being severely beaten by appellant and another person at that time.
The Louisiana Supreme Court, in Bazley v. Tortorich, 397 So.2d 475 (La.1981), had occasion to discuss the element of "intent" in the context of intentional torts. Bazley stated, on page 481, that:
"The meaning of `intent' is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself."
See also Prosser: Law of Torts (4th Ed.), § 8; Monk v. Veillon, 312 So.2d 377 (La. App. 3 Cir. 1975).
In opposition to Western's motion for summary judgment, plaintiff-appellant filed an affidavit reciting his version of what occurred on the night of the shooting. He stated that, after being repeatedly struck on the head by what he believed was a pool cue, he went behind the bar to keep from getting hit again, and to leave the premises by the back door. He stated that Singletary was behind the bar and the two of them started fighting. Appellant's version of the shooting is that he knocked Singletary down, and that Singletary then got up from the floor and procured the shotgun from under the bar. Singletary then stood up and pointed the gun at plaintiff, whereupon plaintiff stated that he slapped the barrel downward, at which time the gun discharged, hitting plaintiff in the left leg and foot.

SUMMARY JUDGMENT
LSA-C.C.P. Article 966[3] provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers' Surplus Line Insurance Company v. City of Baton Rouge, 362 So.2d 561 (La.1978).
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., supra.
*304 In consideration of this motion for summary judgment, this Court must view the facts as recited by plaintiff in the light most favorable to him, in his opposition to the motion for summary judgment. It is apparent that a genuine issue of material fact does exist in this case. That issue is whether Singletary, when he raised the gun towards the plaintiff, intended to shoot him or not. This is an issue which can only be decided on trial of the merits. Western claims that there was an intentional battery, and appellant's contentions are that the shooting was accidental. Thus, the trial court improperly granted appellee's motion for summary judgment.
For the above and foregoing reasons, the judgment of the trial court is reversed. This action is remanded for trial on the merits accordingly.
All costs of this appeal are assessed against defendant-appellee.
REVERSED.
NOTES
[1] Roger Mayo filed a third party demand against appellee, Western World Insurance Company, Inc. The trial court, in granting appellee's motion for summary judgment, dismissed Mayo's third party demand. Mayo has not taken an appeal with respect to that portion of the trial court's judgment.
[2] The attachments consist of a transcript of the proceedings in which Gerald Singletary plead guilty to the crime of simple battery.
[3] "Art. 966. Motion for summary judgment; procedure

The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."