SWIFT, Judge.
The plaintiff, Henry Lambert, filed this suit against the defendant, Pioneer Life Insurance Company of Illinois, for payment of benefits allegedly due under a “Hospital, Convalescent Care and Surgical Expense Policy” that was issued pursuant to an application on June 28,1979. He has appealed from an adverse ruling on the defendant’s motion for a summary judgment.
On November 12, 1979, plaintiff was examined by Dr. James T. Pate for a complaint of nasal obstruction. Corrective surgery for a deviated nasal septum was performed on December 20, 1979.
The defendant’s denial of liability under the policy and its motion for summary judgment were based on three grounds: 1) The sickness for which the benefits are claimed pre-existed the effective date of the policy; 2) The operation consisted of cosmetic surgery specifically excluded from the policy; and 3) There was no contract between the parties because of misrepresentation by the plaintiff in failing to disclose the pre-exist-ing condition in his application for the policy-
The insuring clause of the subject policy provides coverage of certain expenses resulting from injury[1] or sickness, the latter being defined as:
“ ‘Sickness’ as used in this policy means sickness or disease first becoming manifest on or after the policy date hereof through distinct symptoms from which one learned in medicine can diagnose sickness or disease with reasonable certainty; herein referred to as ‘such sickness’.” .
The policy further provides under “PART ONE DEFINITIONS”:
“ ‘Pre-existing Sickness’ shall mean any sickness which was ... (c) evident because there was a clear, distinct symptom or symptoms of the sickness demonstrable prior to the effective date of coverage for the Insured with the occurrence of such symptoms being evident within 12 months prior to the effective date of cov *749 erage for the Insured and, which in the opinion of a legally qualified physician, would (1) indicate that the sickness probably began and manifested itself before the effective date of coverage for the Insured; and (2) would cause an ordinarily prudent person to seek diagnosis, care or treatment.”
It also expressly excludes “cosmetic surgery or treatment except as a result of a covered injury.”
In support of its motion the defendant filed Dr. Pate’s deposition and copies of the policy and plaintiff’s application.
Dr. Pate said that plaintiff had one of the largest noses and worst deviated septums he had ever seen. In his opinion the condition was a “developmental problem” which the plaintiff had since teen-age. The doctor’s hospital report stated the patient had “a history of nasal obstruction for years and also nasal deformity” and he wanted a nose operation “to cut down on its size and also so he can breathe better... . ” However, Dr. Pate testified that Lambert did not give him a history of having seen an ear, nose and throat physician before for the condition. Also, while the surgery did produce some cosmetic effects, it was not done on that basis. It was performed so that plaintiff could breathe and function better. The doctor further testified that he sees many patients with histories of intermittent nasal blockage that have never sought medical care for the condition. Some have deviated nasal septums of which they are unaware and “that’s probably what Mr. Lambert’s case was.”
In opposition to the motion for summary judgment the plaintiff presented his own deposition which had been taken by the defendant for discovery. He testified therein that about two months before he went to see Dr. Pate he started having trouble with his breathing. It got progressively worse and he also began to get headaches, so he went to the doctor. He had never had any problem with his breathing before, except when he had a cold, and he had never seen a doctor before for his nose.
The trial judge concluded from Dr. Pate’s deposition and report that the plaintiff had the condition for years and knew it. The motion for summary judgment was sustained for this reason and therefore it was unnecessary for him to consider the defendant’s other contentions.
As this court said in Walker v. Graham, 343 So.2d 1171 (La.App. 3 Cir. 1977); writ den. 346 So.2d 213 (La.1977).
“A summary judgment may not be rendered unless the pleadings, depositions, affidavits, and like evidence show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Arts. 966, 967; .... It is no substitute for a trial on the merits. All reasonable doubts are resolved against the granting of a summary judgment ... even where it may be favored by a preponderance of the evidence.” [Citations omitted.]
See also Clement v. Taylor, 382 So.2d 231 (La.App. 3 Cir. 1980); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); and Vascocu v. Singletary, 404 So.2d 301 (La.App. 3 Cir. 1981).
In regard to the defendant’s first contention, that the sickness pre-existed the effective date of the coverage, we believe a genuine issue of fact exists as to whether the plaintiff experienced distinct symptoms (i.e., a noticeable obstruction to his breathing) of the sickness (i.e., the deviated septum) before the policy was issued. But even if he did, there is clearly an issue as to whether any such symptoms would have caused an ordinarily prudent person to seek diagnosis, care or treatment as required under (c)(2) of the above quoted policy definition of “Pre-existing Sickness.” We therefore conclude that the trial court erred in sustaining the motion for summary judgment on this ground.
With respect to the defendant’s second contention, it is rather clear from Dr. Pate’s testimony that the primary purpose of the surgery was to remove the nasal obstruction so that plaintiff can breathe freely rather than for cosmetic purposes. Thus, there is a genuine issue of fact in this respect.
We must also reject the defendant’s last contention, that the policy is invalid because *750 the plaintiff intentionally and falsely answered “Yes” to the following question on his application for this policy:
“6. To the best of your knowledge & belief are you & persons listed herein now in good health & free from physical impairment and deformity? (if no, give full particulars)”
It is quite clear that Mr. Lambert had the deviated nasal septum for some years before he filled out the application. Dr. Pate’s opinion was that this obstructed his nasal passage, but the record does not disclose just how much it interfered with his breathing prior to his initial examination by this doctor on November 12, 1979. In any event the physician testified that Lambert was unaware of the cause of the obstruction and plaintiff testified he had not been troubled with his nose before. Certainly, there is a genuine issue as to whether the plaintiff intended to deceive the defendant in his answer to question No. 6. See LSA-R.S. 22:619(B) and Ryan v. Security Indus. Ins. Co., 386 So.2d 939 (La.App. 3 Cir. 1980).
For the foregoing reasons the judgment sustaining defendant’s motion for a summary judgment and dismissing this suit is reversed and the case is remanded to the district court for further proceedings in accordance with law. The costs of this appeal are assessed to the defendant.
REVERSED AND REMANDED.

. Neither party contends that plaintiffs condition resulted from an injury.