CULPEPPER, Judge.
Joseph Bellard filed this suit on behalf of his minor son, Gregory Bellard, alleging that on August 15, 1979 while in the course and scope of his employment with the defendant, Delta Polymers, Inc., Gregory suffered partial amputation of two fingers of his right hand. Plaintiff prays for workmen’s compensation benefits for his son. In the alternative, and in the event the court should find that plaintiff is not entitled to workmen’s compensation benefits, he seeks damages in tort.
The defendant employer and its general liability insurer moved for partial summary judgment dismissing the alternative tort claim on the grounds that the deposition of Gregory Bellard shows that at the time of the accident Gregory was an employee of Delta Polymers, Inc., and therefore plaintiff’s exclusive remedy is for workmen’s compensation benefits. The plaintiff filed no counter-affidavits or other evidence in opposition to the motion for summary judgment. After a hearing on the motion, the trial judge found the deposition of Gregory Bellard shows the injury occurred during the course and scope of his employment at Delta Polymers, Inc., and, there being no evidence submitted by the plaintiff to the contrary, there is no genuine issue of material fact. Under these facts, the judge held that under LSA-R.S. 23:1032 plaintiff’s exclusive remedy is for workmen’s compensation benefits. Accordingly, the district court rendered partial summary judgment dismissing plaintiff’s alternative demand for damages in tort. Plaintiff appealed.
On appeal, plaintiff admits the deposition of Gregory Bellard shows he was working in the course and scope of his employment with Delta Polymers, Inc. at the time of the accident. However, plaintiff contends in his brief that neither he nor Gregory’s mother consented to or had knowledge of the fact that their minor child was employed in a dangerous occupation, so they did not elect for their son to come under the act. Plaintiff cites Alizzi v. Employers Insurance of Wausau, 351 So.2d 258 (La. App.3rd Cir. 1977) in which a 12-year-old boy was killed in a motor vehicle accident during the course and scope of his employment as a “chicken catcher.” The parents sued in tort, or, alternatively, for workmen’s compensation benefits. After a trial on the merits, the district court held under LSA-R.S. 23:1039 that there was a presumption that the parents had elected the employment be subject to the provisions of the Workmen’s Compensation Act. A divided 5-judge panel of this court reversed, holding that since the parents did not consent to or have knowledge of the employment of their child until after his death, they had no opportunity to make the election provided in R.S. 23:1041 until after he was killed, and that the parents then chose not to have the employment come under the Workmen’s Compensation Act. It is noteworthy that Act No. 583 of 1975 repealed LSA-R.S. 22:1038-1043, relating to election of coverage and its effects. However, this does not affect our opinion in the present case.
LSA-R.S. 23:1044 was not repealed. It provides that a person injured at work for another in any trade or business is presumed to be an employee of that business and to be covered by workmen's compensation. Jurisprudence under Section 1044 places the burden of proof on a person contending the Workmen’s Compensation Act does not apply. Gaspard v. Travelers Insurance Company, 284 So.2d 104 (La. App.3rd Cir. 1973). Thus, in the present case the burden was upon the plaintiff to show that his son, Gregory Bellard, was not an employee subject to the act. As stated *271 above, plaintiff introduced no counter-affidavits or other evidence in support of his contention in his brief that the parents did not consent to nor have knowledge of Gregory’s hazardous employment. On the contrary, plaintiff alleges in his principal demand in this case that Gregory was employed. Gregory’s deposition states that he was 16 years of age and had worked in a Popeye’s Fried Chicken restaurant and that he learned of the job opening at Delta Polymers, Inc. through a neighbor. He applied for the job as a janitor and clean-up man working from about 8:00 p. m. until 11:00 p. m. each night. These hours suited him because they came after his regular football practice at high school. Although Gregory does not expressly state in his deposition that his parents consented to or had knowledge of his employment by the defendant, he does not state or even imply that they did not consent or have knowledge.
In the recent case of Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980), the court held that under LSA-C.C.P. Article 967 the burden is on the mover for summary judgment to prove that there are no genuine issues of material fact, and only if the mover’s evidence is sufficient to make out a prima facie case does the burden shift to the opposing party to present evidence showing that material facts are still at issue.
Applying this rule to the present case, the deposition of Gregory Bellard, which was introduced into evidence to support defendant’s motion for summary judgment, clearly makes out a prima facie case that Gregory was working in the course and scope of his employment by defendant at the time of the accident and was therefore subject to the act. The burden shifted to the plaintiff to present evidence showing that there were genuine issues of material fact as to this employment and the application of the Workmen’s Compensation Act to the accident. Plaintiff having failed to introduce any evidence, there is no genuine issue of material fact, and defendant is entitled to summary judgment as a matter of law.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.