LABORDE, Judge.
Michael R. Skinner, plaintiff-appellant, appeals from a trial court’s judgment which granted a motion for summary judgment filed by Western World Insurance Company, appellee [1]. The sole question presented is whether there is no genuine issue as to material facts, hence entitling Western to judgment as a matter of law. We affirm.
FACTS
Skinner seeks to recover damages for personal injuries he received while involved in a fight with a co-employee, Joe Robinson, on the job. The fight occurred during working hours on August 21, 1980, at a restaurant known as Papania’s which is located in Calcasieu Parish, Louisiana. Skinner was employed by Papania’s at the time of the fight. Skinner’s petitions to the trial court allege the following facts: Skinner and co-defendants, Joe Robinson and Sigmund Basone, were employed by the Western’s insured, Frank Papania, on August 21, 1980, the date of the incident in question; defendant, Joe Robinson, assaulted and attacked Skinner while he “was performing his custodial duties at Papania’s”; Skinner’s injuries resulted from this attack which occurred in the course and scope of his employment with Papania’s; Skinner alleges that he is entitled to workmen’s compensation benefits; and in the alternative, Skinner alleges that Joe Robinson intentionally assaulted him.
Western filed its motion for summary judgment alleging that its policy contained *319 certain clauses that excluded coverage for 1) injuries that are covered by workmen’s compensation and 2) injuries resulting from an assault and battery. The trial court rendered judgment in favor of Western granting its motion for summary judgment.
In support of its motion for summary judgment, Western introduced in evidence a certified copy of the policy issued by it. The policy contains the following exclusionary clauses:
“This insurance does not apply . .. (i) to any obligation for which the insured or any carrier as his may be held liable under any workmen’s compensation, .unemployment compensation, or disability benefits law, or under any similar law...”
“. .. this policy excludes claims arising out of assault and battery, whether caused by or at the instigation of, or at the direction of, or omission by, the insured, his employees, patrons, or any cause whatsoever.”
Western contends that the facts alleged by Skinner in his petition clearly show that the exclusionary clauses of its policy are applicable and that it is entitled to summary judgment as a matter of law.
SUMMARY JUDGMENT
The jurisprudence concerning summary judgment is well settled. In Vascocu v. Singletary, 404 So.2d 301 (La.App. 3rd Cir.1981), we made the following observations:
“LSA-C.C.P. Article 9663 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
[2] In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers’ Surplus Line Insurance Company v. City of Baton Rouge, 362 So.2d 561 (La.1978).
[3] On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., supra.”
In consideration of this motion for summary judgment, this court must view the facts as recited by Skinner in the light most favorable to him, in his opposition to the motion for summary judgment. Skinner alleges that his claim entitled him to workmen’s compensation benefits. If this allegation is accepted, then there is no coverage under the workmen’s compensation exclusion. Skinner alleges in the alternative that if workmen’s compensation does not exist, then he was intentionally assaulted. Under this set of alleged facts the “assault and battery” exclusion would be applicable.
Therefore, if one exclusion does not apply, the other does and there can be no coverage under Western World Insurance Company’s policy under either set of facts which Michael R. Skinner alleges. Hence, we affirm the judgment of the trial court. All costs of this appeal are assessed against plaintiff-appellant, Michael R. Skinner.
AFFIRMED.

. Western World Insurance Company was substituted as defendant for ABC Insurance Company in plaintiffs first supplemental and amending petition.