COVINGTON, Judge.
This is an appeal by Cable J. Prejean, d/b/a Belt Center of Lafayette, from a judgment granting the motion for summary judgment of Belt Center Corporation. We affirm.
Prejean brought this action seeking specific performance of a contract between him and the defendant. Prejean’s petition alleged that he had entered into a master franchise agreement with Belt Center Corporation under the terms of which he was to be granted an exclusive franchise to market the corporation’s belts, but that the Corporation had breached the agreement by failing to provide training for the franchisee, by failing to provide a plan for sales promotion of the belts and by failing to create a system for obtaining and marketing their belts at a below-competition price.
The Corporation responded by seeking certain amounts of money, allegedly owed to it by Prejean.
Thereafter, Belt Center Corporation moved for a summary judgment on the basis that there was no issue as to the indebtedness owed by Prejean to it for the purchase price, service and freight charges of certain belts sold to Prejean.
A hearing was held in due course on the motion for summary judgment, at which time the trial court rendered the judgment complained of on this appeal.
*785 The Corporation presented in its motion for summary judgment, and the attachments thereto, specific facts to support its contention that Cable Prejean owed it the sum of $60,400.37 for the purchase price, service and freight charges due on belts sold on credit to him. In his deposition introduced in evidence, Mr. Prejean admitted to owing the Corporation the amount claimed. In addition, the affidavit of Darlene Delucci, the bookkeeper for Belt Center Corporation, substantiated Prejean’s indebtedness. Prejean filed a counteraffidav-it which did not specifically address the indebtedness, but complained of the non-delivery of merchandise and breaches of the franchise agreement between the parties.
Under the explicit provisions of LSA-C. C.P. arts. 966 and 967, it was proper for the trial court to render judgment in favor of the Belt Center Corporation because there was no genuine issue as to material fact and it was entitled to judgment as a matter of law. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
For the reasons stated above, the trial court’s granting of the motion for summary judgment is affirmed at appellant’s costs.
AFFIRMED.