SAVOIE, Judge.
*1291 Allied Chemical Corporation,[1] either directly or through one or more of its unincorporated divisions, operated a fertilizer and feed manufacturing facility at Geis-mar, Louisiana from January 1, 1975 through December 31, 1978. During this period, Allied purchased sulphur for further processing into fertilizer and feed at the Geismar facility.
Allied’s sales tax returns, and its corporate books and records were audited by the Department of Revenue and Taxation for the period of January 1, 1975 through December 31,1978. As a result of that audit, the Department issued a Notice of Assessment to Union Texas Petroleum, an unincorporated division of Allied. The assessment was dated December 31, 1980 and included an assessment for sales taxes allegedly due with respect to Allied’s purchases of sulphur for further processing at the Geismar facility. In response to the assessment, Allied filed a petition with the Board of Tax Appeals on January 29, 1981, seeking a redetermination of the assessment insofar as it related to the sulphur purchases.
On June 11, 1985, the Board of Tax Appeals rendered judgment in favor of Allied, setting aside the assessment. The Board of Tax Appeals held that the sulphur purchases were non-taxable under LSA-R.S. 47:301(10), the provision which excludes “sales of materials for further processing into articles of tangible personal property for sale at retail” from the Louisiana sales tax. The Department did not seek review of the judgment within thirty days as provided in LSA-R.S. 47:1434; and under LSA-R.S. 47:1438, the judgment became final.
Shortly after the Board of Tax Appeals judgment became final, the Department sent Allied, through another of its unincorporated divisions, the Agricultural Division, a Notice of Proposed Assessment dated July 23, 1985. The assessment proposed to assess a sales tax on Allied’s purchases of sulphur for further processing at its Geis-mar facility during the tax years January 1, 1976 through December 31, 1978. The sulphur purchases at issue in the Board of Tax Appeals proceedings and the sulphur purchases that were the subject of the July 23, 1985 Notice of Proposed Assessment were made for the same purpose and were processed by the same method at the same facility.[2]
Allied paid the principal amount of the proposed assessment under protest on August 22, 1985, with interest through that date. Pursuant to LSA-R.S. 47:1576, the Department placed the protested payment in an escrow account where the payment will remain until the outcome of the litigation.
On June 8,1987, Allied filed a motion for summary judgment claiming that the doctrine of res judicata precluded the Department from relitigating the question of whether the “reprocessing exemption” set forth in LSA-R.S. 47:301(10) was applicable to Allied’s purchases of sulphur for further processing at its Geismar facility during the period of January 1, 1976 through December 31, 1978. Allied claimed that the same cause of action against the same taxpayer for the same tax years had been finally adjudicated in Allied’s favor by the Board of Tax Appeals. On July 21, 1987, the trial court granted Allied’s motion for summary judgment and held that the doctrine of res judicata was applicable. From that judgment the Department appealed assigning the following specifications of error.
1. The court erred in finding the “thing demanded” in this suit is the identical *1292 thing adjudicated in the Board of Tax Appeals proceedings.
2. The court erred in finding that there is no genuine issue of material fact in this case and that Allied is entitled to its motion for summary judgment as a matter of law.
Basically, the Department claims that a genuine issue of material fact exists with respect to whether different tax periods are involved in this suit and the Board of Tax Appeals proceedings. The Department further claims that different tax periods were involved and therefore the “thing demanded” in both suits is not the same. However, the Department confuses the elements of res judicata.
Three elements must be present for the doctrine of res judicata to be applicable. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality. LSA-R.S. 13:4231. The Department argues that Allied has not established that the “thing demanded” in the two suits is the same because Allied’s affidavits purportedly do not establish that the same tax period was involved in the two proceedings.
For purposes of res judicata, the “thing demanded” is the legal issue presented for determination. R.G. Claitor’s Realty v. Juban, 391 So.2d 394, 403 (La.1980) (on rehearing). The legal issue presented in this suit, as well as in the Board of Tax Appeals proceedings, is the taxability of the sulphur purchases for the tax period of 1975-1978. The “thing demanded” in both suits is the same.
The question of whether different tax periods are involved in the two suits is really a question of whether the suits were founded on the same cause of action. The term “cause of action” refers to the facts giving rise to the relief sought. Mitchell v. Bertolla, 340 So.2d 287 (La.1976). In essence, the Department is claiming that the facts (the alleged different tax periods) giving rise to the relief sought are different facts in the the two suits.
The Department alleges that the December 31, 1980, Notice of Assessment was based upon Union Texas’ sulphur purchases for the year of 1975 only. The July 23, 1985, Notice of Proposed Assessment was based upon the Agricultural Division’s sul-phur purchases for January 1, 1976 through December 31, 1978. The Department further alleges that the sales tax assessed against the Agricultural Division for sulphur purchases for the period of January 1, 1976 through December 31, 1978 was not included in the assessment against Union Texas for the year of 1975 and therefore was not previously litigated.
The Department argues that the affidavit of Ben Morrison, which was submitted in opposition to Allied’s motion for summary judgment, created a genuine issue of material fact. In support of this argument, the Department relies solely on paragraph VII of the Morrison affidavit which states in its entirety: “[f]or purposes of audit and assessment by the Department, Union Texas and Agricultural Division are treated as separate entities and their respective audits and assessments are mutually exclusive.” The Department implies that the above sentence from the Morrison affidavit establishes that the tax involved in the Union Texas case was for a different tax period (the year 1975) than the tax involved in the present case (the years 1976-1978), thereby proving there is a genuine issue of material fact. The issue of material fact, according to the Department, is whether or not the cause of action in this suit is the identical cause of action in the Board of Tax Appeals proceedings.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits filed show that there are no genuine issues of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The burden of establishing the absence of any genuine issues of material fact is upon the mover for summary judgment. Zumo v. R.T. Vanderbilt Company, Inc., 527 So.2d 1074 (La.App. 1st Cir.1988). We find that Allied did carry its burden of establishing that there *1293 are no genuine issues of material fact. Attached to Allied’s motion for summary judgment were copies of the Union Texas Notice of Assessment and the Agricultural Division Notice of Proposed Assessment which established that the tax periods overlap. The Union Texas Notice of Assessment is captioned “Louisiana Sales Tax 1-1-75/12-31-78.” The Agricultural Division Notice of Proposed Assessment is captioned “Louisiana General Sales Tax 1/1/76-12/31/78”. In addition, Allied’s petition states that Allied was audited for the years 1975 through 1978 and as a result of this audit, the Union Texas Notice of Assessment was issued. Nothing in the Union Texas Notice of Assessment states or signifies that the assessment was for 1975 only. The supporting documents presented by Allied show that the tax period involved in this suit was the same tax period involved in the Board of Tax Appeals proceedings.
When documents supporting a motion for summary judgment are sufficient to resolve all issues of material fact, the burden of proof shifts to the opposing party to present evidence showing that there is a genuine issue to be tried. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). The Department relies solely on the Morrison affidavit which fails to raise any genuine issues of material fact. The Department presented no evidence to support the claim that the Union Texas Notice of Assessment was for 1975 and not for “1-1-75/12-31-78” as the assessment stated. The Department did not carry its burden of showing that material facts are still at issue.
We find that Allied has carried its burden of proving that there are no genuine issues of material fact and that the same tax periods were involved in both suits. We find that in both suits the same thing was demanded; the demand was founded on the same cause of action; and that the demand was between the same parties, formed by them against each other in the same quality. There are no genuine issues of material fact and the facts support a finding of res judicata, therefore Allied is entitled to judgment as a matter of law.
For the reasons assigned, the judgment of the trial court is affirmed granting summary judgment in favor of Allied Corporation. Costs in the amount of $364.04 to be paid by the Department.
AFFIRMED.
SHORTESS, J., dissents with reasons.

. Allied Chemical Corporation changed its name to Allied Corporation in 1981, however both names refer to the same corporate entity.

. Affidavit of Thomas Parham, submitted in support of Allied's motion for summary judgment, at paragraph IX states:
The sulphur purchases at issue in the Board of Tax Appeals proceeding and those for which sales tax and interest were assessed in the July 23, 1985 notice of proposed assessment, were made for the same purpose, i.e., for further processing into fertilizer and feed; the sulphur was processed at the same facility, i.e., the Geismar facility; and exactly the same process was used.