ARMSTRONG, Judge.
Plaintiff, Loran L. Hovis appeals the trial court’s judgment granting defendant’s Marine Drilling Company’s, (“Marine”) Motion for Summary Judgment in a claim for personal injuries under the Jones Act and General Maritime Law.
On or about April 21, 1985, Loran L. Hovis, was assigned by his employer, Marine to work the “J Storm XIV”, a portable rig owned and operated by Marine. Hovis was working aboard the workboat “M/V Linda G” unloading palletized cargo with the aid of Marine’s crane and crew when he slipped on a powdery substance on the deck of the vessel where the unloading operations were taking place. The “Linda G” was owned and operated by Texas Crew-boats, and was under charter to Atlantic Richfield Company. That vessel was neither owned, leased, or chartered by or to Marine.
*418 Hovis and another roustabout went aboard the “M/V Linda G” to unload approximately 15 or 16 pallets. All but six of the pallets had been unloaded without incident when Hovis was allegedly injured. The pallets were unloaded by placing pallet bars underneath and through the pallets and thereafter connecting them to a sling attached to a crane aboard the rig. Hovis testified that the spot of white powdery substance in which he allegedly slipped was about three inches square.
Hovis filed a claim for personal injuries pursuant to the Jones Act and General Maritime Law and named as defendants, both Marine and Atlantic Richfield Company. Various discovery took place, and in January, 1988, Marine filed a Motion for Summary Judgment alleging that the pleadings, together with plaintiffs deposition transcript, showed that there was no genuine issue of material fact regarding the liability of Marine for negligence under the Jones Act and unseaworthiness under the General Maritime Law, as a matter of law. Hovis filed opposition to this motion and after argument the court rendered judgment on March 9, 1988 granting Marine’s Motion for Summary Judgment and dismissing Hovis’ case. The trial court found that there were no issues of material fact in dispute regarding Hovis’ claims of negligence and unseaworthiness.
On appeal Hovis argues that the trial court erred in granting Marine’s Motion for Summary Judgment because genuine issues of material fact exist in (1) whether Marine had “control” of the vessel at the time Hovis was injured and (2) the facts do not conclusively show that Marine was not negligent.
LSA-C.C.P. Article 966 and 967 provide, respectively, that on a motion for summary judgment, the mover is entitled to judgment as a matter of law if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue of material fact. When a motion for summary judgment is made and supported the adverse party may not rest on his pleadings but must show by affidavits or otherwise, that there is a genuine issue for trial.
The Louisiana Supreme Court articulated in Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980), that the prerequisite for summary judgment is the presentation of sufficient evidence by the mover to show that there exists no genuine issue of material fact.
On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. Id. at 775.
In the instant case, Marine offered Hovis’ deposition transcript and statement of uncontested facts in support of its motion for summary judgment. These documents are sufficient to show that Marine and its agents and equipment did nothing to cause Hovis’ injury. Hovis testified he did not know how or when the substance got on the deck, he had not requested any assistance and the normal complement of crew was used to unload the cargo. He had no complaints about the manner in which the crane operator aboard the “J Storm XIV” handled the crane during the unloading operation. Furthermore, he experienced no difficulty with the bars or ropes used to unload the pallets. In response to the question “What did Marine do or the company or its equipment or its employees do to cause you to fall on the back of the deck of that boat?” Hovis responded, “Nothing to my knowledge.”
Hovis now argues that no one was watching or overseeing the unloading operation, the deck was wet, he was sure the powder must have been on the deck of the boat when the unloading operation started; he had seen similar powder on the decks of Marine’s rigs; and there was a defect with the workboat because of the powder on the *419 deck. These facts are only material if they go to suggest negligence or unseaworthiness on the part of Marine. Hovis has presented no evidence that failure to watch or oversee his work or a wet deck, in any way caused or contributed to his alleged injuries. And Hovis’ assertion that he is sure powder was on the vessel prior to the commencement of the unloading operation is contradictory and at best, speculation. The fact that Hovis may have seen the white substance on the deck of the “J Storm XIV” on other occasions is simply irrelevant since that is not the rig on which he was injured.
Where Hovis failed to allege specific acts of negligence or set forth sufficient information from which negligence could be inferred and where Hovis could not substantiate that Marine exercised any control over the vessel on which he was injured we conclude that he did not carry his burden under LSA-C.C.P. Article 967.[1] Once Marine established that there is no genuine issue of material fact, Hovis could not rest on his pleadings. Marine is entitled to judgment as a matter of law.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. A recent decision by the Fifth Circuit, Grammer v. Patterson Services, Inc., 860 F.2d 639 (5th Cir.1988) distinguishes between "supervision and control” and "operational control”. In that case defendant was not liable for the offenses of its independent contractor where defendant merely designated a type of test to be conducted rather than the method to conduct it. Using this analysis, Hovis’ theory that Marine had "control” over the vessel is without foundation. Marine was only unloading cargo from the "M/V Linda G” which is not sufficient to establish operational control.