FOIL, Judge.
Plaintiff-mortgagee, First South Production Credit Association (FSPCA), filed this suit against defendants, Georgia-Pacific Corporation (Georgia-Pacific), Rex Timber, Inc. (Rex Timber), and Thornton Logging Company (Thornton), under La.R.S. 56:1478.1 (now La.R.S. 3:4278.1) and La. R.S. 9:5382. FSPCA seeks damages for the cutting and removing of timber from property upon which it holds a mortgage without its written consent. From the trial court’s granting of a motion for summary judgment filed by defendants Georgia-Pacific and Rex Timber, FSPCA appealed. We affirm.
FSPCA’s petition alleges that Del Mar Properties, Inc. (Del Mar) is the owner of certain immovable property in East Felicia-na Parish, Louisiana. FSPCA is the holder of a collateral mortgage encumbering this property. The petition further alleges that from April 17, 1985, through May 15, 1985, and again from July 2, 1986, through September 3, 1986, defendants entered the mortgaged property without the written consent of FSPCA and cut and removed timber in violation of the statutes specified above. FSPCA claims it learned about these timber cuttings on or about July 31, 1986. This suit was subsequently filed on June 3, 1987.
Georgia-Pacific and Rex Timber answered plaintiff’s petition claiming that their activities were conducted in good faith pursuant to valid timber deeds executed by W. Lee Overton, the president and sole director and shareholder of Del Mar. They further filed a third party demand for in *219 demnity and/or contribution against Mr. Overton and Del Mar based upon those timber contracts.[1]
Thereafter, Georgia-Pacific and Rex Timber filed a motion for summary judgment. A hearing was held, during which defendants submitted various exhibits in support of the motion. The trial court granted the summary judgment motion and dismissed plaintiffs suit as to these defendants. FSPCA brings the instant appeal contesting the propriety of this ruling. Georgia-Pacific and Rex Timber filed a peremptory exception of prescription in this court. However, as we find no merit to FSPCA’s appeal, we pretermit discussion of the same.
SUMMARY JUDGMENT
In Massingale v. Sibley, 449 So.2d 98, 100 (La.App. 1st Cir.1984), we set forth the law applicable to summary judgment as follows:
‘The law is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966[.] Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.’ (Citations omitted).
If the supporting documents presented by the moving party are sufficient to resolve all genuine issues of fact, the burden then shifts to the opposing party to present evidence showing that material facts are still at issue. At that point, the opposing party may no longer rest on the allegations and denials contained in his pleadings. La. Code Civ.P. art. 967; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980); Massingale v. Sibley, 449 So.2d at 100.
Among the various exhibits introduced by defendants in support of their motion were copies of two timber purchase contracts. The first is dated April 4, 1985, and provides that it shall be effective until May 31, 1985. The contract further provides that Mr. Overton granted Georgia-Pacific, its employees and agents the right to enter certain described land and cut, remove and purchase a specified amount of timber. Mr. Overton, as seller, warranted that he had good and merchantable title to the land and had the right to sell the timber. The second contract entered into with Rex Timber contained identical provisions, except it was dated June 10, 1986, and its effective date ran through December 31, 1986.
It is abundantly clear from these exhibits alone that there are no genuine issues as to material fact in this case. It is undisputed that the cuttings took place, and that such activities were conducted pursuant to two valid timber purchase contracts executed by Mr. Overton. It was then incumbent upon FSPCA, as the opposing party, to present evidence showing that material facts remained at issue. FSPCA presented no evidence in opposition to the motion. As such, the issue then became whether the mover was entitled to judgment as a matter of law on the facts before the court. We find that reasonable minds must inevitably so conclude in this case.
*220 FSPCA alleges it is entitled to damages under two separate statutes. The first, La.R.S. 3:4278.1 (formerly La.R.S. 56:1478.1 before its redesignation by Acts 1987, No. 144, § 1) provides, in pertinent part, as follows:
§ 4278.1 Trees, cutting without consent; penalty
A. It shall be unlawful for any person to cut, fell, destroy or remove any trees, or to authorize or direct his agent or employee to cut, fell, destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed or removed, plus reasonable attorney’s fees.
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed or removed. However, the provisions of this Section shall apply only to trees cut or removed across ownership lines, marked boundary lines, or outside of designated cutting area lines, and no provision herein shall apply to cutting operations within an area covered by a contract or agreement with the owner. (Emphasis added)
The second provision, La.R.S. 9:5382, states:
§ 5382. Right of mortgage holder to recover for disposal or conversion of property
The holder of a conventional mortgage shall have the same rights, privileges, and actions as the mortgagor land owner to recover against any person who, without the written consent of the mortgagee, buys, sells, cuts, removes, holds, disposes of, changes the form of, or otherwise converts to the use of himself or another, any trees, buildings, or other immovables covered by the mortgage.
Recovery by the mortgagee may not be for more than the unpaid portion of the secured indebtedness, plus interest, advances, court costs, and attorney’s fees, provided such recovery may be had severally or jointly with the mortgagor land owner.
A careful reading of the above statutes leads us to the conclusion that FSPCA had no right to sue the timber companies in this case. Under La.R.S. 9:5382, the mortgagee (FSPCA) has the same rights as the mortgagor land owner (Overton and/or Del Mar) to recover against any person who cuts and removes timber covered by the mortgage without the written consent of the mortgagee. It necessarily follows that the next inquiry must be whether the land owner has any right to recover against the timber companies. Under the clear language of La.R.S. 3:4278.1, which gives the land owner the right to recover damages for the cutting of trees without his consent, the statute is inapplicable to cutting operations within an area covered by a contract with the owner. See Morgan v. Fuller, 441 So.2d 290, 296 (La.App. 2d Cir.) (stating that legislature intended the statute to impose a severe penalty for flagrant disregard of property rights of timber owners), writs denied, 443 So.2d 596, 599 (La.1983). As Mr. Overton and/or Del Mar have no right of recovery under either statute against Georgia-Pacific and Rex Timber, who acted pursuant to valid timber purchase contracts, neither does FSPCA.
CONCLUSION
The trial court correctly found there was no genuine issue of material fact and, as a matter of law, properly granted the summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed at the appellant’s cost.
AFFIRMED.

. In brief to this court, Georgia-Pacific and Rex Timber note that the trial court sustained an exception of no cause of action filed by Mr. Overton and Del Mar. FSPCA, Georgia-Pacific and Rex Timber appealed, which appeals were consolidated with the instant appeal. All three appeals were stayed under the provisions of the United States Bankruptcy Code. In response to a motion filed by FSPCA, this court determined that the automatic stay provisions do not apply to this appeal and we severed it from the others. We note that evidence of the ruling which forms the basis of the other appeals is not in the record before us, nor is the correctness of that ruling at issue in this case.