324 So.2d 834 (1975)
Lawrence HOWARD et ux., Plaintiffs-Appellants,
v.
GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant-Appellee.
No. 12777.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1975.
*835 Huckaby, Piper & Brown by Robert E. Piper, Jr., Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley, by Richard H. Switzer, Shreveport, for defendant-appellee.
Before HALL, GLADNEY and HEARD, JJ.
HEARD, Judge.
Plaintiffs, Lawrence and Dorothy Howard, are appealing from the trial court's granting of summary judgment in favor of General Motors Acceptance Corporation, the holder of a note and chattel mortgage on a car purchased by plaintiffs. In the lower court plaintiffs had sued defendant in tort for damages for the conversion of the automobile and for mental distress caused by defendant's allegedly unlawful seizure of the car following its sale to defendant by the trustee in bankruptcy.
The sole issue on appeal is the correctness of the trial court's granting of summary judgment.
Plaintiff purchased a new automobile from Rountree Olds Cadillac Company of Shreveport. They made a cash down payment of $1,000 and financed the remainder of $3,735.61. The vendor took Howard's note in the amount of $5,036.04, payable in monthly installments of $139.89, and a chattel mortgage on the car.
On December 10, 1974, Howard filed a petition for voluntary bankruptcy. Under the bankruptcy law, the filing of a voluntary petition operates as an adjudication, and title to all non-exempt property passes automatically to the trustee in bankruptcy. Plaintiff continued to make payments on the note held by defendant after December 10, in order to have the use of *836 the car during the pendency of the bankruptcy proceedings. Plaintiff missed the March payment and defendant filed an application for foreclosure of its chattel mortgage with the referee in bankruptcy. The trustee in bankruptcy sought the approval of the bankruptcy judge to foreclose the chattel mortgage and sell the car to the chattel mortgagee. On March 21, 1975, the bankruptcy judge approved the sale of the automobile to defendant and ordered the delivery of the property "to said purchaser, free from all inferior liens and encumbrances", in full satisfaction of defendant's claim against the bankrupt's estate.
On March 26, 1975, defendant took possession of the car while it was parked on the street in front of plaintiff's home and drove the car away. Plaintiffs filed suit on April 24, 1975, seeking damages for conversion of the car and for mental distress.
Defendant moved for summary judgment and attached the following documents to its motion: (1) plaintiff's voluntary bankruptcy petition; (2) defendant's proof of claim in bankruptcy; (3) a copy of the sale and chattel mortgage; (4) defendant's application for foreclosure; and (5) the bankruptcy judge's order approving the sale of the car to defendant.
Plaintiffs' affidavit in opposition to summary judgment essentially repeated the allegations of their petition, to-wit;
"They were not served with any writ or process for seizure of their vehicle, financed by the above defendant; that their vehicle was seized without lawful authority and without their consent; that said vehicle was seized from their home by employees of defendant GENERAL MOTORS ACCEPTANCE CORPORATION: and that they have been occasioned great harm and mental anxiety, all set out in Petition filed with this Honorable Court."
On the basis of the pleadings, affidavit, and documents the trial court granted defendant's motion for summary judgment and dismissed plaintiffs' suit at their cost. Plaintiffs have appealed and allege that the trial court erred in granting summary judgment.
Article 966 of Code of Civil Procedure LSA, states:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The purpose of summary judgment statute is to enable the court to expedite disposition of hearing cases where it is properly determined by the court that no issue of material fact is present. Villavasso v. Lincoln Beach Corp., 146 So.2d 7 (La.App. 4 Cir. 1962).
We held in Succession of Gary, 300 So.2d 524 (La.App.2d Cir. 1974), that opponent of motion for summary judgment must file affidavits to show a genuine issue of fact does exist and may not rely upon the allegations or denials of the pleadings.
Plaintiff no longer had any interest in the car after he filed the voluntary bankruptcy petition, since title to the car automatically passed to the trustee in bankruptcy. The bankruptcy judge approved *837 the sale of the car to defendant in full satisfaction of its claim against plaintiffs' estate. Defendant was the rightful owner of the automobile by reason of the sale from the trustee to the defendant. Therefore, defendant's peaceful taking of the car from in front of plaintiffs' home was not a tortious act. Since there was no tortious conduct involved, plaintiffs have not been harmed and summary judgment in favor of defendant was appropriate.
Accordingly, the judgment of the district court is affirmed. Plaintiffs are cast with all costs of these proceedings, including the cost of this appeal.