445 So.2d 764 (1984)
James L. WILLIAMS, Ruby Marie Williams, La. Farm Bureau Insurance Company, Plaintiffs-Appellants,
v.
AIRPORT APPLIANCE & FLOOR COVERING, INC., Aetna Casualty & Surety Company, James C. Roberson, James E. Roberson, MFA Ins. Co., Defendants-Third Party Plaintiffs-Appellants, and
Exxon Corp. & Roberts Consolidated Industries, Defendants-Third Party Defendants-Appellees.
Taylor James WILLIAMS, Plaintiff-Appellant,
v.
AIRPORT APPLIANCE & FLOOR COVERING, INC., Aetna Casualty & Surety Company, James C. Roberson, James E. Roberson, MFA Ins. Co., Defendants-Third Party Plaintiffs-Appellants, and
Exxon Corp. & Roberts Consolidated Industries, Defendants-Third Party Defendants-Appellees.
Billy BIGGS & Mary Francis Williams Biggs, Plaintiffs-Appellants,
v.
AIRPORT APPLIANCE & FLOOR COVERING, INC., Aetna Casualty & Surety Company, James C. Roberson, James E. Roberson, MFA Ins. Co., Defendants-Third Party Plaintiffs-Appellants, and
Exxon Corp. & Roberts Consolidated Industries, Defendants-Third Party Defendants-Appellees.
James L. WILLIAMS as Administrator of the Estates of his minor children Michelle Marie Williams & Mike Williams, Plaintiff-Appellant,
v.
AIRPORT APPLIANCE & FLOOR COVERING INC., Aetna Casualty & Surety Company, James C. Roberson, James E. Roberson & MFA Insurance Co., Defendants-Third Party Plaintiffs-Appellants, and
Exxon Corp. & Roberts Consolidated Industries, Defendants-Third Party Defendants-Appellees.
Nos. 15879-CA to 15882-CA.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1984.
Writs Denied March 24, 1984.
*765 McKeithen, Wear, Ryland & Woodard by Russell A. Woodard, Monroe, for James L. Williams, Ruby Marie Williams, Taylor James Williams, Billy Biggs, Mary Francis Williams Biggs, James L. Williams as Administrator of the Estates of his minor children Michelle Marie Williams & Mike Williams, & Farm Bureau Ins. Co., plaintiffs-appellants.
Snellings, Breard, Sartor, Inabnett & Trascher by Kent Breard, Monroe, for James C. Roberson, James E. Roberson and MFA Mut. Ins. Companies, defendants-Third party plaintiffs-appellants.
Theus, Grisham, Davis & Leigh by Charles H. Heck, P.C., Monroe, for Airport Appliance & Floor Covering, Inc., & The Aetna Cas. & Sur. Co., defendants-Third party plaintiffs-appellants.
Gene S. Palmisano, Trial Atty., New Orleans, for EXXON Corp., defendant-Third party defendant & appellee.
Hayes, Harkey, Smith & Cascio by J.D. Cascio, Jr., Monroe, for Roberts Consolidated Industries, Inc., defendant-Third party defendant & appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
The plaintiffs in these consolidated cases seek to recover damages sustained by them as a result of a fire that destroyed the home of James L. Williams on January 16, 1978 while the Formica was being replaced in the kitchen.
The plaintiffs in suit # 15,879-CA are James L. Williams, his wife, Ruby Marie Williams and his fire insurer, Louisiana Farm Bureau Mutual Insurance Company. The insurer was subrogated to the damages sustained by James L. Williams to the extent of $46,600 which it paid Williams pursuant to a fire insurance policy covering the Williams' home. The plaintiff in suit # 15,880-CA is Taylor James Williams, the son of Mr. and Mrs. James L. Williams. The plaintiffs in suit # 15,881-CA are Billy Biggs and Mary Francis Williams Biggs, who are the son-in-law and daughter of Mr. and Mrs. James L. Williams. The plaintiff in # 15,882-CA is James L. Williams in his capacity as administrator of the estates of his minor children Michelle Marie Williams and Mike Williams.
*766 The defendants in each of the consolidated cases are:
1. Airport Appliance and Floor Covering, Inc., who had contracted with James L. Williams to replace the Formica in the kitchen of the Williams home, and its liability insurer, Aetna Casualty and Surety Company.
2. James C. Roberson and James E. Roberson, who were installing the Formica for Airport, and their liability insurer, MFA Insurance Company.
3. EXXON Corporation who distributed under its label, the contact adhesive Nevamar, which the Robersons were allegedly using to install the Formica.
4. Roberts Consolidated Industries, the manufacturer of Nevamar, who supplied the adhesive to EXXON.
The Defendants Airport, Aetna, MFA, James C. and James E. Roberson, all third partied the defendants EXXON and Roberts. EXXON and Roberts filed motions for summary judgment which were granted. The plaintiffs and third party plaintiffs appeal the summary judgments which rejected their demands against EXXON and Roberts. We reverse.
The appellants generally allege as their cause of action against EXXON and Roberts that the Nevamar caused the fire because it was not fit for its intended use due to defects created when it was manufactured and further allege that EXXON and Roberts failed to give adequate warning of latent dangers inherent in the use of Nevamar.
EXXON's and Robert's motions for summary judgment allege that pleadings, depositions, interrogatories and answers thereto and other matters on record establish the following facts.
James L. Williams contracted with Airport to replace the Formica in his kitchen. Airport engaged James C. and James E. Roberson to perform the work. The Robersons, who were experienced Formica installers, while doing the work on January 16, 1978, which was a cold rainy day, were using Nevamar (a fact denied by movers but which they asserted as true for the purpose of the summary judgment motion), contrary to warnings on the label on the can. The Robersons were installing the Formica in a residence occupied by Mrs. James L. Williams and her daughter, Michelle. The Robersons failed to cut off the pilot light on a hot water tank and central heating unit resulting in these units continuing to operate while they were performing their work. James E. Roberson smoked while doing the work. The gallon cans of Nevamar containing the adhesive being used to install the Formica had the following label on them:
*767 
*768 
EXXON and Roberts contend that on these established facts they were each entitled to a summary judgment dismissing all principal and third party demands against them.
The depositions in the record establish the facts alleged in the motions for summary judgment with the exception that they do not establish that James E. Roberson was smoking at the time the fire occurred which seems to be what the motions for summary judgment at least attempt to infer.
There is testimony in the depositions relied upon by the movers to the effect that the heating unit was located in a hall approximately 30 feet from the area in the kitchen where Formica was being installed. There is testimony that the hot water tank was located in a store room on the carport about 13 feet from the work area in the *769 kitchen and was separated from the work area by a wall and a closed door.
The depositions of the defendants Roberson reflect the following facts.
The Robersons arrived at the Williams home about 9:00 a.m. on the day of the fire. The Robersons were aware that the Nevamar, which they brought to the Williams kitchen to use to apply the Formica, was a very inflammable material and had read in the past at least part of the warnings contained on the labels on the cans. Before they started to work James C. Roberson extinguished the pilot lights on the kitchen cook stove located in the work area and opened a kitchen window and carport door to provide ventilation. They removed all the old Formica from the cabinet top and back of the walls. Each of the Robersons had a can of Nevamar. They each had a paint brush with which they thoroughly applied the adhesive to the surface upon which they were going to apply the Formica and to the back of the Formica. After this was done the adhesive was permitted to dry for a short period of time and then the backside of the Formica was put in place upon the surface. On occasions they used the top of the stove as a work bench upon which they placed the Formica while they applied the adhesive to it. The Robersons completed the installation of probably more than half of the new Formica before they went to lunch. During their absence a plumber installed a kitchen sink which had earlier been removed from a cabinet to facilitate the installation of the Formica. Mrs. Williams and her daughter Michelle, who were at home while the work was being performed, went out to lunch after the Robersons left and after the plumber had completed his work, and returned before the Robersons returned from lunch.
The Robersons returned from lunch about 1:30 p.m. and continued with the installation of the Formica. James E. Roberson was installing a piece of Formica on the wall adjacent to the stove when the fire started. He had applied the adhesive to the wall and to the back of the Formica which was laying on top of the stove. As he picked up the Formica from the stove preparatory to placing it on the wall flames rolled from the underside of the Formica (which would have been the finished side on the Formica upon which no adhesive had been placed) and caught the adhesive on the other side on fire. James E. Roberson then started toward the carport door with the burning sheet of Formica planning to get it out of the house. As he turned toward the door he accidentally turned the gallon can of Nevamar over which was sitting on the cabinet near where he had been applying it to the wall and the surface of the Formica. The spilled Nevamar and fumes from it quickly ignited from contact with the burning sheet of Formica in James E. Roberson's hand. Even though there was an attempt to put the fire out with a blanket and some curtains the flames were immediately out of control and burned the Williams home beyond repair and destroyed most of the contents.
There is no statement in any of the material relied upon by movers EXXON and Roberts that the pilot lights extinguished on the kitchen stove by James C. Roberson were relit during the lunch hour or at any other time between their being extinguished and the occurrence of the fire.
There is no evidence in the material relied upon by EXXON and Roberts that the occupancy of the dwelling by Mrs. Williams and her daughter Michelle while the Nevamar was being used in any way contributed to the fire. There is no indication in any of the mover's relied upon material that the fire originated from the hall located heating unit or the store room located hot water tank. The only statement about the source of the fire which differed from the description set forth above taken from the depositions of James E. and James C. Roberson was found in the deposition of Mrs. James L. Williams. She stated that the fire commenced from a spark which flew from the Nevamar can as it struck the counter top when it was turned over by James E. Roberson.
The trial judge gave as his reasons for sustaining the motions for summary judgments *770 that the warnings contained on the Nevamar label were adequate and had been violated by other parties in this case. He stated that EXXON and Roberts had fulfilled their duty to warn and the fire damage was not caused by any breach of an obligation owed by EXXON or Roberts but by neglect of other persons.
The issue is did EXXON and Roberts establish that there is no genuine issue of fact that the product Nevamar allegedly used by the Robersons contained no defect of which the Robersons were unaware and which caused the fire and which EXXON and Roberts failed to warn against.
"A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition or manufacture of the article, if the injury might have been reasonably anticipated." Weber v. Fidelity & Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971).
A manufacturer has a duty to give adequate warning of unreasonable danger involved in the normal use of its product where it knows or should have known of that danger and a product sold without such warning is defective. Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La. 1978).
Normal use includes intended use and foreseeable use. Cobb v. Insured Lloyds, 387 So.2d 13 (La.App. 3d Cir.1980); Benoit v. Ryan Chevrolet, 428 So.2d 489 (La.App. 2d Cir.1982). See also LeBouef v. Goodyear Tire & Rubber Co., 623 F.2d 985 (5th Cir.1980).
There is no duty to warn the user of a product of dangers of which he either knows or should have known. Potmesil v. E.I. DuPont deNemours Co., Inc., 408 So.2d 315 (La.App. 3d Cir.1981).
The responsibility of a wholesaler who holds a product out to the public as its own is the same as that of the manufacturer. Chappuis v. Sears Roebuck & Co., supra.
EXXON and Roberts do not contend that they have established the cause of the fire.
The appellants assign as error that the failure to establish the cause of the fire leaves a genuine issue of fact that must be resolved at trial. Appellants argue that until this fact is established there can be no determination that Nevamar did not contain a defect which created danger of fire when Nevamar was used in a normal manner and of which the Robersons were unaware and of which Nevamar's label failed to warn against.
C.C.P. Article 966 provides that a motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
Only when reasonable minds must inevitably concur, as a matter of law, on the facts before the court is a summary judgment warranted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Clement v. Taylor, 382 So.2d 231 (La. App.3d Cir.1980); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
EXXON and Roberts did establish in support of their motion that the Robersons used Nevamar in violation of three of the warnings contained upon the Nevamar label in that they used the product in an occupied residence, without extinguishing the pilot light on the heating unit and without extinguishing the pilot light on the hot water tank. EXXON and Roberts failed to establish that these violations of their label warning caused the fire to commence on the recently saturated Formica sheet as James E. Roberson picked it up to install *771 on the wall. The cause of this fire could be established at trial to have been due to a defect in Nevamar of which the Robersons were unaware and of which EXXON and Roberts failed to warn against. EXXON and Roberts have failed to establish that there is no genuine issue of fact as to whether or not there is a defect in Nevamar which while in normal use caused the fire and of which they failed to warn.
The summary judgment in each of these consolidated cases in favor of EXXON and Roberts are REVERSED AND SET ASIDE and the cases are remanded for further proceedings in accordance with law.
All costs of this appeal are assessed against EXXON and Roberts.