466 So.2d 584 (1985)
Leonard RUSCHEL, as Administrator of the Estate of His Minor Child, Misty Ruschel
v.
WESBAK PARK, et al.
No. 84-CA-381.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
John G. Gomila, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Binswanger Glass Co., defendant-appellee.
Matt Greenbaum, New Orleans, for Wesbak Park, United Nat. Ins. Co., Kaufman and Broad Asset Management Corp., and Wesbak Management Corp.
Arnold & Giepert, New Orleans, for Leonard Ruschel, as Adm'r of the Estate of His Minor Child, Misty Ruschel.
Before BOUTALL, KLIEBERT and CURRAULT, JJ.
BOUTALL, Judge.
This is an appeal from a summary judgment dismissing a third-party claim in a tort case.
Briefly, the established facts are as follows: On May 25, 1980, Misty Ruschel, age 4, and her younger cousin were playing unattended in the bedroom of an apartment leased to Chris and Barbara Wilcox by Wesbak Park. The upper half of a window broke and Misty suffered a severe cut on her upper arm. Wesbak Park's employee had replaced a broken window in the apartment on November 26, 1979.
*585 Leonard Ruschel, Misty's father (also father of Barbara Wilcox) filed suit against Wesbak Park and others as owners and operators of the apartment complex, along with their liability carrier, United National Insurance Company. He later amended to add as defendant Wesbak Management Corporation, alleged to have installed the glass.
Wesbak Park[1] answered, denying liability under the lease and alleging negligence of the parents, Chris and Barbara Wilcox, of the minor child Misty, imputed to her parents, and alternatively the negligence of other parties. Wesbak Park later amended, and made third-party demands against several parties, including Westwego Glass & Mirror Works, a glass dealer, Binswanger Glass Company, a glass distributor, and Libby-Owens-Ford Company, a glass manufacturer. Wesbak Park alleged that Westwego had supplied the glass to replace the window to the maintenance department, that Binswanger sold the glass to Westwego, and Libby-Owens-Ford manufactured the glass. Wesbak Park alleges that those third-party defendants were negligent in the following respects:
"V
. . . . .
"15. In manufacturing, selling, and/or delivering for installation 1/16" plate glass to be used in window panes.
"16. In knowingly selling defective glass and/or breakable 1/16" plate glass for apartment windows."
The amended petition further alleges:
"XI
"LIBBY-OWENS-FORD COMPANY, BINSWANGER GLASS COMPANY, and WESTWEGO GLASS & MIRROR WORKS knew or should have known that the glass they used was defective and/or should not be used in apartments inhabited by minor children, because of its tendency to break."
A motion for summary judgment filed by Binswanger was heard on March 26, 1984. Judgment was signed on March 28, 1984, dismissing Wesbak Park's third-party demand. Wesbak Park appealed.
The sole issue before this court is whether summary judgment was granted correctly.
The applicable law is summarized in Williams v. Airport Appliance & Floor Covering, 445 So.2d 764 (La.App. 2nd Cir. 1984), writs denied 447 So.2d 1070 and 447 So.2d 1071 (La.1984), at 770, as follows:
"C.C.P. Article 966 provides that a motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
"Only when reasonable minds must inevitably concur, as a matter of law, on the facts before the court is a summary judgment warranted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Clement v. Taylor, 382 So.2d 231 (La.App. 3d Cir. 1980); Sanders v. Hercules Sheet Metal, Inc, 385 So.2d 772 (La.1980)."
Binswanger based its motion for summary judgment upon Wesbak Park's answers to its interrogatories. In answer to "Interrogatory No. 1, Do you contend that the window glass involved in the accident which forms the basis of the captioned matter was defective at the time of its installation?" Wesbak Park said:
"1. No. However, based on the allegations made by the plaintiffs and the tenants that the window glass was in *586 effect so brittle and/or defective that it cracked on installation without observation by the installer and without observation for a number of months by employees of the defendants and then broke on contact by a small child, and based on information supplied by the installer that window glass could crack and/or break at any time as soon as he left the said bedroom window area, it is alleged that it was defective."
Binswanger's position is that Wesbak Park has withdrawn the allegations of its third-party demand, and therefore there is no dispute between the two parties as to a material fact.
Wesbak Park filed its opposition to summary judgment and the affidavit of its former attorney on the day of the hearing of the motion. The attorney attested to what the maintenance men had told him when he was investigating the case: that the installers said glass could break easily, was not broken when the installers left the room, and that there was no information as to the window's needing replacement again. As pointed out by the appellee, the affidavit contains hearsay only. Further, counter affidavits must be served prior to the day of the hearing to be considered. La.C. C.P. art. 966. Jones v. Jones, 385 So.2d 880 (La.App. 2nd Cir.1980).
While we do observe that Wesbak Park's answer to interrogatory No. 1 contains a contradiction, in that it answers "No," but then states why it alleges the glass to be defective, we do not feel that summary judgment was "appropriate" under the requirements of La.C.C.P. art. 967. Binswanger's application for summary judgment fails to provide sufficient facts to show that he is entitled to judgment as a matter of law.
Ruschel and the tenants, third-party defendants Chris and Barbara Wilcox, have made no claim against Binswanger. Binswanger's potential liability flows from Wesbak Park's position as landlord and/or installer of the glass. The factual issues of cause of the accident and of responsibility for replacing window panes as between landlord and tenant can be resolved only by a trial of the merits. To be dismissed on summary judgment, Binswanger must overcome the original plaintiff's allegations as to Wesbak Park's liability, which he has not done.
In Williams v. Airport Appliance & Floor Covering, supra, a case involving products liability, summary judgment was denied. The plaintiffs had sued a contractor and installers who were replacing Formica in the kitchen of their home when a severe fire broke out. The defendants third-partied the manufacturer and distributor of an adhesive the installers were using and which was known to be highly inflammable. In moving for summary judgment the third-party defendants established that the installers used the product in violation of the warnings on the container. The court denied summary judgment on grounds that only by trial of the merits could the cause of the fire be determined and a factual dispute remained as to whether the installers' violations of the warning were to blame. Moreover, trial might reveal the cause to be a defect in the adhesive of which the installers were unaware and against which the manufacturer and distributor failed to warn.
We believe the reasoning in the Williams case is applicable to the case before us and that the trial court was in error in granting summary judgment.
Accordingly, the judgment appealed from is reversed and the third-party claim of Wesbak Park against Binswanger Glass Company is remanded for trial on the merits.
REVERSED AND REMANDED.
NOTES
[1] "Wesbak Park" includes the defendants, United National Insurance Company, Kaufman and Broad Asset Management Corporation, and Wesbak Management Corporation.