GROVER L. COVINGTON, Chief Judge.
In this case the taxpayer, The Analysts, Inc., sued the Secretary of the Department of Revenue and Taxation, State of Louisiana, for refund of a sales and/or use tax which was levied for the period of January 1, 1978 through June 30, 1983 and which was paid by the taxpayer under protest.
It is the position of the taxpayer that the property upon which the tax was levied was “articles of tangible personal property ... produced or manufactured in this state, for export,” which under La.R.S. 47:305(5) is exempt or excluded from taxation. It is the position of the Department that the taxpayer’s “method of accounting for inventory” created a taxable event.
The Analysts, Inc., a Texas corporation, assembled well-logging units in Louisiana. It paid taxes on those units which it considered were used in Louisiana. It paid *899 taxes under protest on those units which it considered were assembled for shipment to other states or to the Outer Continental Shelf. Analysts then sued for refund of the taxes paid under protest.
After the Department’s response, Analysts filed a motion for summary judgment, along with an affidavit of its controller, Roger A. Wilson. The Department filed a counter-affidavit which the taxpayer contended was not in conformity with the requirements of La.C.C.P. art. 967. Thus, Analysts filed a motion to strike the counter-affidavit. • The motions were heard concurrently and the lower court granted both the motion to strike and the motion for summary judgment in favor of Analysts.
The Department has appealed, raising two issues:
Issue 1. Does the Department’s counter-affidavit contain sufficient facts made upon personal knowledge of the affiant to meet the requirements of La.C.C.P. art. 967?
Issue 2. If the affidavit meets the requirements of La.C.C.P. art. 967, does it present a genuine issue as to material fact sufficient to defeat the motion for summary judgment?
ISSUE 1
The essential elements of La.C.C.P. art. 967 are:
1. The affidavit must be based upon facts which are within the personal knowledge of the affiant.
2. The affidavit must affirmatively show that the affiant is competent to testify as to the facts stated in the affidavit.
3. The facts set forth in the affidavit must establish that there is a genuine issue of material fact to be decided at trial.
We find that the Department’s affidavit satisfies these elements. It states that Ms. McKinley, a Department Audit Reviewer, has personal knowledge of the facts contained therein, and that the affiant is competent to testify about the facts stated in the affidavit, as shown by pertinent parts of the affidavit, as follows:
(1)
I am an Audit Reviewer for the Department of Revenue and Taxation for the State of Louisiana and have served in such capacity since December 19, 1983.
(2)
By virtue of my position and experience with the Department of Revenue and Taxation for the State of Louisiana, I am fully familiar with the subject matter of this affidavit and the facts set forth in this affidavit are within my personal knowledge.
The key element is whether the affidavit sets forth specific facts which shows that there is a genuine issue of material fact for trial. The fact stated by the affiant in paragraph (4) does establish a triable issue, as follows:
(4)
The Analysts, Inc., from an accounting standpoint, places many of their “units” into an inventory, upon which no taxes are paid. Routinely, The Analysts, Inc. remove these items from inventory and send them to places that may be considered outside the jurisdiction of the State of Louisiana for taxing purposes. The moment these units are removed from inventory, and prior to shipment outside the jurisdiction of the State of Louisiana, the use tax as described in LSA-R.S. 47:301(19) attaches. This statement is believed by affiant to be an accounting conclusion and not a legal conclusion.
The fact which creates a triable issue for the court is the taxpayer’s method of accounting for inventory. We hold that there is a genuine issue in dispute about the taxpayer’s method of accounting for inventory which creates a genuine issue. The affidavit meets the requirements of La.C.C.P. art. 967.
ISSUE 2
In order for the movant to be successful on a motion for summary judgment, it must establish the following two elements:
*900 1. There are no triable issues in the case before the court.
2. Under the applicable law the movant, based on the undisputed facts, is entitled to a judgment in its favor.
The taxpayer’s motion for summary judgment does not satisfy the first element, because there is a factual issue as to whether a taxable event did occur due to the taxpayer’s method of accounting for its inventory, as discussed above.
The purpose of La.C.C.P. art. 966 is to enable the court to expedite the decision of a case where it has been established that there is no genuine issue of material fact present. Howard v. General Motors Acceptance Corporation, 324 So.2d 834 (La.App. 2d Cir.1975). However, a motion for summary judgment is not a substitute for a trial on the merits. As was stated in Smith v. Preferred Risk Mutual Insurance Company, 185 So.2d 857, 860 (La.App. 3d Cir.1966):
[T]o obtain a summary judgment it is not sufficient to prove that it is unlikely that the plaintiff may recover or that the preponderance of the showing then made indicates there is no liability; for the function of the court is not to determine the merits of the issues involved, but only whether or not there is a genuine and material factual issue. Vallier v. Aetna Finance Co., La.App. 3d Cir., 152 So.2d 112. As stated in Brown v. B. & G. Crane Service, Inc., La.App. 4 Cir., 172 So.2d 708, 710, ... A genuine issue is a triable issue and the interest of justice, at the risk of some delay and possible expense, is best served by resolving all doubt against the granting of the motion for summary judgment. It is not enough that the court has grave doubt that the party alleging a cause can sustain his contention to deny him his day in court.’
Motions for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
A summary judgment is warranted only when reasonable minds must inevitably conclude from the facts before the court that the mover is entitled to judgment as a matter of law. Decatur-St. Louis Combined Equity Properties, Inc., Venture v. Abercrombie, 463 So.2d 729 (La.App. 4th Cir.1985). This is not the situation before the Court.
A reading of the pleadings, affidavits, depositions and other documents in the record convinces us that the trial court committed error in granting the taxpayer’s motion for summary judgment. The case is not in a posture for summary judgment.
A reading of the pleadings and affidavits in the record convinces us that there are genuine issues of material fact, particularly with regard to the factual issue of the taxpayer’s method of accounting for its inventory and as to whether a taxable event did occur.
Accordingly, for the foregoing reasons, the judgment of the district court granting plaintiff a summary judgment against defendant, is hereby reversed, and the matter is remanded for further proceedings consistent with this opinion. Appellee ⅛ to pay costs of this appeal. All other costs are to await final disposition of the case.
REVERSED AND REMANDED.