589 So.2d 1115 (1991)
Leo Erwin DUNN and Rosalie Dunn, Plaintiffs,
v.
FMC CORPORATION, Link-Belt Construction Equipment Company, Union Tire, Inc., General Tire, Inc., Otto Black d/b/a Black's Exxon Service Center and Ken Murphy and Randall Murphy d/b/a Murphy Brothers Goodyear Service Center, in Solido, Defendants.
Charles Michael HAMMONS, Individually and as the Natural Tutor and Administor of the Estate of his Minor Child, Aaron Kyle Hammons, Plaintiff,
v.
BARNETTE & BENEFIELD, INC., et al., Defendants.
Marie Goodman ROGERS, in her Capacity as Tutrix of Matthew Cory Goodman, Plaintiff,
v.
BARNETTE & BENEFIELD, INC., et al., Defendants.
Nos. 22,909-CA, 22,910-CA and 22,911-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
Rehearings Denied November 27 and December 4, 1991.
*1116 Brittain, Williams, McGlathery, Passman and Sylvester by Jack O. Brittain, Natchitoches, for defendant-appellant, General Tire, Inc.
Cook, Yancey, King & Galloway by Charles G. Tutt, Shreveport, for defendants-appellees, Ken Murphy and Randall Murphy d/b/a Murphy Bros. Goodyear Service Center.
Edward O. Kernaghan, Shreveport, for defendant-appellee, Otto Black d/b/a Black's Exxon Service Center.
C. William Gerhardt & Associates by William F. Kendig, Shreveport, for plaintiffs-appellees, Leo Erwin Dunn and Rosalie Dunn.
Blanchard, Walker, O'Quin & Roberts by John T. Cox, Jr., Shreveport, for defendant-appellee, FMC & Link Belt.
Goff & Goff by A. Kennon Goff, III, Ruston, for defendant-appellee, Union Tire.
Lunn, Irion, Johnson, Salley & Carlisle by Brian L. Coody, Shreveport, for defendants-appellees, Commercial Union Ins. and Dennis Durham, d/b/a Double D. Pharmacy.
Rountree, Cox & Guin by Billy J. Guin, Shreveport, for defendant-appellee, Reliance Ins. Co.
Before VICTORY, BROWN and STEWART, JJ.
STEWART, Judge.
Defendant and cross-claimant, General Tire, Inc. (hereinafter referred to as "General"), appeals summary judgments which dismissed Otto Black d/b/a Black's Exxon Service Center (hereinafter referred to as "Blacks Exxon"), and Ken Murphy and Randall Murphy d/b/a Murphy Brothers Goodyear Service Center (hereinafter referred to as "Murphy Brothers Goodyear"), from these consolidated cases. We reverse and remand.

FACTS
On December 18, 1987, Tina Hammons was driving a 1984 Toyota pickup truck southbound on U.S. Highway 79 in Claiborne Parish, Louisiana. Leo Erwin Dunn, an employee of Barnette and Benefield, Inc., was driving a 1981 FMC link belt off-road boom crane vehicle northbound on the same highway. As the vehicles approached each other, the left front tire of the crane suddenly exploded or blew out. Although an experienced driver, Dunn was unable to maintain control of his vehicle. The crane crossed the center line and *1117 struck the truck head on. Tina Hammons died instantly and Dunn was severely injured. It is undisputed that Dunn was acting within the scope of his employment with Barnette and Benefield, the owner of the crane. It is also undisputed that the tire which exploded was a 15 × 22.5 General tire.
Each of the above captioned plaintiffs sued Black's Exxon, Murphy Brothers Goodyear, Barnette and Benefield, and General Tire, Inc. Plaintiffs alleged that Murphy Brothers Goodyear and Black's Exxon were negligent in maintaining, inflating and balancing the subject tire on the rim of assembly, and for failing to "test or inspect" the wheel rim and/or tire for defects. General filed a third party demand which named Black's Exxon and Murphy Brothers Goodyear as third party defendants. Murphy Brothers Goodyear and Black's Exxon filed motions for summary judgment wherein each alleged that it did not mount the tire. General filed affidavits and memoranda in opposition to these two motions. The trial court granted summary judgments in favor of Black's Exxon and Murphy Brothers Goodyear, respectively. General Tire, Inc., original defendant and third party plaintiff, appeals these two summary judgments, asserting that, because there still exists a genuine issue of material fact, the trial court erred by sustaining the motions for summary judgment in favor of Black's Exxon and in favor of Murphy Brothers Goodyear. We agree.

DISCUSSION
According to appellant, the genuine issue of material fact is whether either Black's Exxon or Murphy Brothers Goodyear mounted the tire which ruptured.
Each appellee, on the other hand, contends that because the facts set forth in its motion for summary judgment, resolved all genuine issues of material fact, the burden then shifted to General to present evidence showing that material facts were still at issue. Each appellee further argues that, at that point, General could no longer rest on the allegations and denials contained in its pleadings. Appellee Black's Exxon argues that General was required to respond by affidavit or other reasonable evidence with specific facts which show a genuine issue for trial, and that when General failed to respond with facts, Black's Exxon was entitled to the grant of summary judgment. Appellee Murphy Brothers Goodyear argues that, because General produced no corroborating evidence to support its allegations and thereby failed to meet its burden of proof, summary judgment was proper.
The purpose of LSA-C.C.P. Art. 966 is to enable the court to expedite the decision of a case where it has been established that there is no genuine issue of material fact present. Howard v. General Motors Acceptance Corp., 324 So.2d 834 (La.App. 2d Cir.1975), cited in Analysts Inc. v. McNamara, 504 So.2d 898 (La.App. 1st Cir.1987). Use of summary judgment, however, must not be unbridled as it denies the adverse party his day in court. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788, 791 (La.App. 3d Cir.1988), writ denied, 525 So.2d 1048, 1049 (La.1988). A summary judgment is no substitute for a trial on the merits. Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984); Analysts Inc., supra.
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.
Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). The mover has the burden of proving that there are no genuine issues of material fact. This burden is a great one. Swindle, supra; Williams v. Airport Appliance & Floor Covering, Inc., 445 So.2d 764, 770 (La.App. 2d Cir.1984), writ denied, 447 So.2d 1070, 1071 (La.1984). Only when reasonable *1118 minds must inevitably concur is a summary judgment warranted. Swindle and Williams, both supra. Summary judgment cannot be granted once the judge detects the existence of a disputed material fact.
A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect the litigants' ultimate success or determine the outcome of a legal dispute.
Swindle, supra; see also Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983). All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Summary judgment may not be used as a substitute for trial. If there is any doubt concerning an absence of dispute as to a material fact, a motion for summary judgment must be denied and the matter resolved in favor of trial on the merits. McCoy v. Physicians & Surgeons Hosp., 452 So.2d 308 (La.App. 2d Cir.1984), writ denied, 457 So.2d 1194, 1195 (La.1984); See also Odom v. Hooper, 273 So.2d 510 (La.1973); Simon and Swindle, both supra.
The court should not seek to determine whether it is likely the mover will prevail on the merits but rather whether there is an issue of material fact. Oiler v. Sharp Electric Inc., 451 So.2d 1235 (La. App. 4th Cir.1984), writ denied, 457 So.2d 1194 (La.1984). The weighing of conflicting evidence on material fact has no place in a summary procedure. Simon, supra.
After review of the record, we find that the depositions and other documents cited in support of each of the instant motions for summary judgment fail to resolve all issues of material fact. The question of whether Murphy Brothers Goodyear mounted the tire, and the question of whether Blacks Exxon mounted the tire, are questions of material fact, because these issues affect the litigants' ultimate success on the theory of negligent mounting or inspection of the tire and/or wheel. These issues may also determine the outcome of the legal dispute over duty and causation factors underlying the rupture of the tire.
The record, as a whole, indicates a probability that one of the appellees mounted the tire, yet indicates that no one knows who mounted the tire. It is well settled that credibility of witnesses is a determination reserved for the trier of fact.
The record and documents relied upon in support of the summary judgments reveal that Blacks Exxon had mounted 15 × 22.5 tires for Barnette and Benefield during March 1986 and January 1987, but do not reveal whether one of those tires was a General tire. Yet, Otto Black's testimony by deposition indicates that he did not mount this General tire. Ken Murphy's deposition reveals that Murphy Brothers Goodyear had several employees who could mount the 15 × 22.5 sized tires, and also had a bookkeeper and other employees who wrote invoices and typed invoice information into the computer for customers' monthly statements. Yet Murphy's deposition testimony was that Murphy Brothers Goodyear did not mount this General tire.
Bookkeeper Marian Benefield testified by deposition that she produced all invoices from Barnette and Benefield's records which pertained to the 15 × 22.5 size tire, but also stated that she wrote all Barnette and Benefield checks in payment of all invoices received and was unaware of anyone other than Black's Exxon, Murphy Brothers Goodyear, or Miller's Gulf[1] who mounted tires for Barnette and Benefield. Both Ms. Benefield and Roger Barnette said there could be other General tire invoices which had not been located. By deposition, Roger Barnette described documents from May and July of 1987 which showed repairs on 15 × 22.5 tires but did not indicate either who made the repairs or *1119 whether any of the tires were General tires.
On this record, we do not find that reasonable minds must inevitably concur that either motion for summary judgment, with its supporting documents, resolved all genuine issues as to the material fact of whether appellee Murphy Brothers Goodyear, or whether appellee Black's Exxon, mounted the General tire which exploded.

CONCLUSION
We conclude that neither movant has carried its burden of proof to show that there exists no genuine issue of material fact and that, as a matter of law, it was entitled to summary judgment. Accordingly, we reverse the summary judgment granted in favor of Black's Exxon and the summary judgment granted in favor of Murphy Brothers Goodyear, and remand these matters to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed against appellees.
REVERSED AND REMANDED.
PER CURIAM.
Specifically noting that only General Tire, Inc. appealed the trial court's grant of summary judgments in favor of Black's Exxon Service Center and Murphy Brothers Goodyear Service Center, this court's opinion is limited to appellant.
REHEARING DENIED.
NOTES
[1] The record and briefs indicate that Miller's Gulf did not have the equipment required to mount a 15 × 22.5 tire.