601 So.2d 364 (1992)
BANK OF THE SOUTH
v.
NEW ENGLAND LIFE INSURANCE COMPANY, Estates and Financial Services, Inc., James D. Hardwick, Jr., and Durel J. Matherne, Jr.
No. 91-CA-877.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 1992.
*365 Herbert W. Christenberry, Charles J. Hebert, Metairie, for plaintiffs/appellants.
Roy J. Rodney, Jr., Robert S. McCullough, McGlinchey, Stafford, Cellini & Lang, New Orleans, for defendant/appellee Nat. Union Fire Ins. Co.
Before BOWES, GAUDIN, DUFRESNE, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
The plaintiff, Bank of the South, appeals a summary judgment dismissing its claim against defendant, National Union Life Insurance Company as errors and omissions insurer of Estates and Financial Services, Inc.
The background facts are as follows. The Bank was solicited in July, 1982, by James D. Hardwick, Jr. and Durel J. Matherne, Jr. through their agency, Estates and Financial Services, Inc. (Estates, Inc.), and on behalf of New England Mutual Life Insurance Company (NEMLIC) of which they were agents, promoting a deferred compensation plan for directors and officers of the Bank. The plan would include a life insurance policy for each director and officer. One of the directors died on December 27, 1982 and it was discovered that NEMLIC had no insurance policy in force for him.
On December 21, 1983, the Bank filed suit against Hardwick, Matherne, Estates, Inc., and NEMLIC, alleging that the agents had erred in failing to procure the insurance coverage while assuring the Bank that coverage was in place, that the Bank had relied upon their misrepresentations, and that it was injured by the reliance and the agents' failure to notify the Bank that they had not obtained coverage. Hardwick and Matherne filed a third party claim against National Union Fire Insurance Company (National Union) as their errors and omissions insurer. National Union had issued errors and omissions policies covering agents of NEMLIC from August 13, 1979 to August 13, 1982 and from August 13, 1982 through August 13, 1985. The second policy was canceled by NEMLIC on August 13, 1983.
The principal suit went to trial and on February 10, 1988 the judge dismissed the Bank's claims against NEMLIC, Hardwick, and Matherne on a motion for involuntary dismissal. This court affirmed the dismissal of those three defendants but remanded for further proceedings against Estates, Inc., which had not been included in the written judgment. Bank of the South v. New England Life Insurance Company, Estates and Financial Services, Inc., James D. Hardwick, Jr., and Durel J. Matherne, Jr., 542 So.2d 858 (La.App. 5th Cir.1989).
On remand, the trial judge allowed the Bank to amend its petition to make National Union a party defendant. National Union moved for summary judgment, denying coverage on the terms and conditions of its "claims made" policy, requiring that a *366 claim must be made against the insured during the policy period and also reported to the insurer during the policy period. On September 17, 1991, the trial court granted National Union's motion for summary judgment, precipitating this appeal. The court stated that "[n]o showing is made as to coverage of Estates and Financial Services, Inc." The court also found that "the policy issued was a claims made policy" and that "no claim was made during the policy period."
The Bank contends that the trial court erred in finding that Estates, Inc. was not covered under the policy issued by National Union. It alleges that Estates Inc.'s coverage was never put at issue and that the record does not support the trial court's finding. Counsel for National Union has not argued in the motion for summary judgment or his memorandum that Estates, Inc. is not covered under the policy. Even here on appeal, the appellee does not argue in support of the trial court's finding on this point. Furthermore, the entire record, including the policy definition of "INSURED", does not support a finding that Estates, Inc. is not covered under the policy. The trial court erred in making this determination.
The reporting requirement of the National Union "claims made" policy reads as follows:
A claim is first made against the Insured during the policy period or extended reporting period if during the policy or extended reporting period the Insured shall have knowledge or become aware of any act, error or omission which could reasonably be cited to give rise to a claim under this policy and shall during the policy period or extended reporting period give written notice thereof to the Company in accordance with Condition VI. [Emphasis supplied.]
A claim shall be considered to be reported to the Company when the Company, or its authorized agent, first received written notice of the claim or of any event which could reasonably be expected to give rise to a claim.
In this case the insured agents of Estates, Inc. had knowledge of a potential suit against National Union during the policy period but did not inform the insurer.
The Bank's position is that noncompliance with the notice provision does not deprive it, as an injured party, of the right to proceed directly against the insurer under LSA-R.S. 22:655. It argues that an injured party's rights which arise under the Direct Action Statute cannot be limited by the insured's failure to give notice to the insurer, an event the injured party cannot control.
The factual situation in which both a "claims made" policy and a direct action against the insurer involved appears to be res nova in this state. In Pomares v. Kansas City Southern Ry. Co., 474 So.2d 976 (La.App. 5th Cir.1985), writ denied 477 So.2d 1131 (La.1985), the court found in favor of the plaintiff in a direct action against an insurer where the insured tortfeasor failed to notify his insurer of the claim; however, the policy in that case was an "occurrence policy," requiring only that the injury occurred during the policy period. In Jefferson Guar. v. Westbank-Marrero Cab, 570 So.2d 498 (La.App. 5th Cir.1990), writ denied 575 So.2d 391 (La. 1991), the suit was a third party claim rather than a direct action under LSA-R.S. 22:655.
The direct action statute provides that an injured person "shall have a right of direct action against the insurer within the terms and limits of the policy." National Union based its motion for summary judgment solely on the insured's failure to comply with the notice requirements of the policy.
It is well settled in Louisiana that in a motion for summary judgment the burden is on the mover to show clearly that there is no genuine issue of material fact in dispute and that he is entitled to judgment as a matter of law. Any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, Inc., 400 So.2d *367 1168 (La.App. 1st Cir.), writs denied, 403 So.2d 68 (La.1981); Industrial Sand and Abrasives, Inc. v. L. & N. R. Co., 427 So.2d 1152 (La.1983).
The appellee supported its motion for summary judgment with an affidavit of Libby Stewart, a claims examiner for American International Adjustment Company, Inc. The affidavit stated "that in her capacity as claims examiner, she was responsible for the receipt and examination of claims presented to National Union Fire Insurance Company." It further provided that the first written notice of appellant's claim she received was in April of 1984.
We find that appellee did not meet its burden. The affidavit in support of the motion for summary judgment was deficient and did not include all issues of material fact in dispute. Any reasonable doubt must be resolved against the mover. The affidavit provides the time that the claims examiner was notified of the claim, but does not establish with certainty that no other agent or employee of the appellee was notified of the claim before termination of the policy.
As the mover has failed to meet its burden of proving that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, summary judgment was inappropriate in this case.
Accordingly, the judgment of the district court granting the motion for summary judgment is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.