608 So.2d 218 (1992)
BANK OF LOUISIANA
v.
MMAHAT, DUFFY, OPOTOWSKY & WALKER; Mmahat & Duffy; New England Insurance Company; Imperial Casualty and Indemnity Company; and XYZ Insurance Company.
No. 92-CA-130.
Court of Appeal of Louisiana, Fifth Circuit.
October 27, 1992.
Rehearing Denied December 18, 1992.
*219 Edmond G. Miranne, Jr., Professional Law Corp., New Orleans, for plaintiff-appellant Bank of Louisiana.
Ernest L. O'Bannon, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendant-appellee Imperial Cas. & Indem. Co.
Before KLIEBERT, C.J., and BOWES and CANNELLA, JJ.
KLIEBERT, Chief Judge.
Plaintiff, Bank of Louisiana, appeals the trial court grant of summary judgment in favor of defendant, Imperial Casualty and Indemnity Company. The judgment dismissed Imperial as a defendant in this legal malpractice action against the law firm of Mmahat, Duffy, Opotowsky & Walker (hereafter MDOW) and Mmahat & Duffy (hereafter MD). The trial court found the Imperial "claims made" policy did not afford coverage for plaintiff's claim because Imperial was not notified of the claim during the policy period. For the following reasons, we affirm.
Suit was instituted on December 6, 1988. It alleged claims based on tort and breach of contract theories against both law firms. Plaintiff's recovery was predicated on the fact the law partnership supervised the preparation and execution of certain lease assignments, promissory notes, and mortgages, but failed to register any of the assignments in the public records of the Parish of Jefferson. Joined as defendants in addition to the law firms, were their alleged malpractice insurance carriers, New England Insurance Company[1] and Imperial Casualty and Indemnity Company. The trial court held the tort claims had prescribed[2] while the breach of contract claims remained viable.
Imperial moved for summary judgment on the basis that the claims made policy issued to MDOW and MD was cancelled at their request effective October 1, 1985 and no claim was submitted prior to cancellation. Plaintiff does not dispute these facts *220 but instead argues the claims made policy is contra bones mores because it was impossible for them to notify Imperial of a claim with which they were not aware of until after the expiration of the insurance policy period. Thus, plaintiff argues, these are genuine issues of material fact concerning the validity of the claims made policy and whether the policy unambiguously and clearly limits coverage to acts discovered and reported during the policy period.
The claims made policy read, in pertinent part:
"Item 11Except to such extent as may be provided otherwise herein, this insurance is limited to liability for only those claims that are first made against the insured during the Policy period. Please see Insuring Agreements III, V and VI and also please review the policy carefully and discuss the coverage hereunder with your insurance agent, broker or representative.
III. This policy applies to negligent acts, errors, omissions or offenses which occur anywhere in the world:
(a) during the Policy period and then only if the claim is first made during the Policy period in which the negligent act, error, omission or offense occurred, or
(b) prior to the effective date of the Policy if claim is first made during the Policy period and providing no Insured had knowledge nor could have reasonably foreseen any circumstance which might result in a claim at the effective date of the Policy and where there is no other valid and collectible insurance available to the Insured for any such prior negligent act, error, omission or offense.
IV. Definitions:
... `Policy period' wherever used in this Policy shall mean: the period from the effective date of this Policy to the expiration date or earlier termination date, if any, of this Policy.
VI. Discovery Clause:
If the company shall cancel or refuse to renew this policy, the Insureds shall have the right, upon payment of an additional premium of 25% of the annual premium, to an extension of the coverage granted by this Policy in respect of any claim or claims first made against the Insureds during the period of 365 days after the date of such termination but only in respect of any negligent act, error, omission, or offense of the Insured committed before the date of such cancellation or non-renewal or of any other person for whose acts the Insured is legally liable which were committed before the date of such cancellation or non-renewal. This right of extended discovery ... shall terminate unless written notice is given to the Company within 10 days after the effective date of cancellation or non-renewal."
Effective October 1, 1985, defendant attorneys' policy with Imperial was cancelled and a new policy with New England was entered into, for the period beginning October 1, 1985. Plaintiff had not yet made a claim on the Imperial policy and MDOW and MD did not avail themselves of the Imperial policy provision providing an additional 365 days of protection under the contracts discovery clause.[3] Thus, Imperial argues, under the clear wording of the policy, the alleged acts made the basis of this lawsuit are not covered under their policy.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law based on the facts presented to the court is a summary judgment warranted. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden to show there is no genuine issue of material fact in dispute is upon the mover of the summary judgment. *221 Any such doubt is resolved against the mover and against the granting of a summary judgment and in favor of a trial on the merits. Chaisson v. Domingue, supra; Ruschel v. Westbak Park, 466 So.2d 584 (5th Cir.1985).
This Court has on one occasion reviewed the propriety of a grant of summary judgment where a third party asserted an action against an insured and a direct action against its insurer's claims made policy. Bank of the South v. New England Life Ins. Co., 601 So.2d 364 (5th Cir. 1992). This Court reversed the trial court's grant of summary judgment finding the insurer failed to "establish with certainty that no other agent or employee of the appellee was notified of the claims before termination of the policy."
Here the record establishes the claims made policy of Imperial was cancelled effective October 1, 1985 and a new claims made policy with New England came in force. A claim was not asserted by plaintiff during the Imperial policy period nor for at least 365 days thereafter.
We fail to see what material issues of fact can be left to be tried. As pointed out above, both the term and terms of Imperial's policy are clear as is the fact that the claim was not made thereunder by plaintiff before the expiration date. And, while the term `claim' is not defined in the policy, the meaning is clear. The plaintiff's difficulty arises not from an obscurity in the meaning of the term "claim" but from the fact that it failed to assert a "claim" or any semblance of a demand or authoritative request within the proper period.
Nor is there merit to appellant's contention that the `claims made' condition is contra bonos mores and impossible. A similar argument was advanced in Livingston Parish School Board v. Fireman's Fund American Insurance Company, et al, 282 So.2d 478 (La.1973) wherein the late Justice Tate, as organ of the Court, held specifically that such insurance contracts are not violative of freedom of contract principles, are not unconscionable, and are not contrary to public policy. Manifestly, it is not impossible that claims can be brought during the policy period or prior thereto to a stipulated policy date. Here the insured simply elected to drop coverage with Imperial and take up coverage with New England before the plaintiff made its claim. Claim was made during New England's policy period and New England has accepted coverage.
For the reasons stated, we find no error in the judgment appealed from and the same is hereby affirmed. All costs are to be borne by plaintiff.
AFFIRMED.
BOWES, Judge, concurring.
I concur in the result reached in the foregoing opinion, but do not necessarily agree with all of the language contained therein, especially in regard to the Livingston case. I agreed with the majority in the previous case involving this question, namely Bank of the South v. New England, 601 So.2d 364 (La.App. 5th Cir.1992) being of the opinion that that case should not be decided on a motion for summary judgment because the rights of innocent third parties were involved in a situation where the insurer had cancelled the policy and where there was a grave question of whether notice of the claim was received by the insurer before termination of the policy at issue.
However, in my view, different circumstances exist in the case sub judice. There is no question involved here regarding notice to Imperial Casualty Company (the previous insurer of MDOW), since all agree that policy had terminated some three years before. In addition, the cancellation of Imperial's policy was initiated, not by the insurer, but by the insured MDOW. A further difference concerning all parties in the case before us is that there definitely is insurance coverage here because New England (the new insurer selected by MDOW) has admitted coverage.
Therefore, in this case the third parties are afforded coverage but the defendants, or some of them, are reaching out attempting to obtain additional coverage from the *222 former insurer who was terminated by its own insured.
Accordingly, I respectfully concur with the result of the foregoing, well-written opinion.
CANNELLA, Judge, dissenting.
In my view Livingston Par. Sch. Bd. v. Fireman's Fund Am. Ins. Co., 282 So.2d 478 (La.1973), relied on by the majority, is not dispositive of the issue here. Livingston only concerned the rights and obligations of the contracting parties (insured v. insurer). It did not involve the question presented here concerning the rights of a third party, injured during the policy period, against the insurer under the direct action statute. In my view, this issue is res nova with wide ramifications and should not be decided on a partial record on summary judgment. Accordingly, I respectfully dissent.
NOTES
[1] Although a named defendant, it is not a party to the appeal.
[2] The grant of the exception of prescription is now definitive.
[3] A claim was not made during this 365 day period either.